# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2830

_____

| | | |
|---|---|---|
| Etelvina Rucu-Roberti, | * | |
| | * | |
| Petitioner, | * | On Petition for Review of |
| | * | an Order of the Immigration |
| v. | * | and Naturalization Service. |
| | * | |
| United States Department of Justice, | * | [To Be Published] |
| Immigration & Naturalization Service, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: May 4, 1999

Filed: May 14, 1999

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and BEAM, Circuit Judges.

_____

PER CURIAM.


Etelvina Rucu-Roberti, a citizen of Guatemala, entered the United States without inspection in 1995. The Immigration and Naturalization Service ordered Rucu-Roberti to show cause why she should not be deported. Following a hearing, an Immigration Judge found deportability had been established, denied Rucu-Roberti's application for asylum and withholding of deportation, and gave her the option to depart voluntarily. The Board of Immigration Appeals (BIA) dismissed her appeal from the Judge's order,

and Rucu-Roberti now petitions for review. She does not contest that she is deportable, but maintains that she was subject to past persecution and has a well-founded fear of future persecution based on her political opinion. Reviewing the BIA's denial of asylum for an abuse of discretion, and the factual findings underlying its refusal to grant asylum under the substantial-evidence standard, see Feleke v. INS, 118 F.3d 594, 597-98 (8th Cir. 1997), we deny Rucu-Roberti's petition.

The Attorney General has discretion to grant asylum to a "refugee." See 8 U.S.C. § 1158(b)(1). A refugee is an alien who is unwilling to return to his or her home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." See 8 U.S.C. § 1101(a)(42)(A).

Rucu-Roberti testified that unidentified guerillas had threatened her, effectively forcing her to move several times and to escape to the United States, that she had been beaten on one occasion, and that one of her sisters had disappeared mysteriously. The Immigration Judge stated that Rucu-Roberti failed to present a consistent account of what allegedly had happened; that her testimony was not detailed, consistent, and believable; that she failed to present any evidence substantiating the events; and that part of her testimony was "disingenuous." The BIA concluded that her "vague" testimony was insufficient to meet her burden of proof, as she had failed to provide any corroborating evidence, it was implausible that guerillas would threaten her based upon her "minor" political activities, and it was unclear how many threats she received or how her sister disappeared. We agree that Rucu-Roberti failed to show she had been the victim of past persecution, see INS v. Elias-Zacarias, 502 U.S. 478, 482-84 (1992); Miranda v. INS, 139 F.3d 624, 625-28 (8th Cir. 1998), and conclude that a reasonable fact finder could find Rucu-Roberti's fear of future persecution was not objectively reasonable, see Kratchmarov v. Heston, No. 98-1958, 1999 WL 177446, at *1-2 (8th Cir. Mar. 30, 1999) (applicant must show fear of future persecution is both "subjectively genuine and objectively reasonable"); Feleke, 118 F.3d at 598 (to

overcome BIA's finding that alien lacked well-founded fear, evidence must be "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution").

Because substantial evidence supports the denial of asylum, we also affirm the BIA's denial of withholding of deportation. See Behzadpour v. United States, 946 F.2d 1351, 1354 (8th Cir. 1991).

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.