# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3156

_____

Albi Rogers Aguirre-Carrillo;            *
Yuny Consuelo Cruz-Florian,              *
                                         *
            Petitioners,                 *
                                         *   Petition for Review of
      v.                                 *   an Order of the Immigration
                                         *   and Naturalization Service.
Immigration and Naturalization           *
Service,                                 *   **[UNPUBLISHED]**
                                         *
            Respondent.                  *

_____

Submitted:  October 6, 2000
Filed:  October 12, 2000

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizens Albi Rogers Aguirre-Carrillo (Carrillo) and Yuny Consuelo Cruz-Florian (collectively, "petitioners") petition for review of an order of the Board of Immigration Appeals (BIA), which dismissed their appeal from an Immigration Judge's (IJ's) denial of their request for asylum and withholding of deportation. Petitioners argue they are entitled to relief because they established past persecution and a well-founded fear of future persecution.

A refugee may be granted asylum if he or she is unwilling to return home "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). We review the record to determine whether reasonable, substantial, and probative evidence in the record as a whole supports the BIA's determination that petitioners failed to establish past persecution or an objectively reasonable fear of future persecution. See 8 U.S.C. § 1105a(a)(4); Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997) (standard of review).[1]

We agree with the BIA that petitioners failed to establish past persecution, because Carrillo's testimony about the murders of his uncle, legislative candidate Carlos Corado, and political supporters who urged an investigation of Corado's murder was vague, inconclusive, uncorroborated, and inconsistent with Carrillo's written application. See Rucu-Roberti v. INS, 177 F.3d 669, 670 (8th Cir. 1999) (per curiam); Hamzehi v. INS, 64 F.3d 1240, 1243-44 (8th Cir. 1995). We also agree that petitioners failed to establish a well-founded fear of future persecution. "To establish such a fear, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable." Kratchmarov v. Heston, 172 F.3d 551, 553 (8th Cir. 1999). Petitioners' daughters and Corado's surviving spouse and child have continued to live in Guatemala without suffering harm or threats. See Manivong v. INS, 164 F.3d 432, 433 (8th Cir. 1999).

---

[1]The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), amended by Act of Oct. 11, 1996, Pub. L. No. 104-302, 110 Stat. 3656, repealed 8 U.S.C. § 1105a (1994) and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. See IIRIRA § 306. As the new provision does not apply to deportation proceedings that commenced before April 1, 1997, this court continues to have jurisdiction under 8 U.S.C. § 1105a. See IIRIRA § 309(c).

Because substantial evidence supports the denial of asylum, we also affirm the BIA's denial of withholding of deportation. <u>See</u> <u>Kratchmarov</u>, 172 F.3d at 555 (standard for withholding deportation is more stringent than well-founded-fear standard for asylum).

Accordingly, we deny the petition for review.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.