# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4176

_____

Okon E. Iyamba,                          *
                                         *
          Petitioner,                    *
                                         *
     v.                                  *     Petition for Review of
                                         *     an Order of the Immigration
Immigration and Naturalization           *     and Naturalization Service.
Service, Board of Immigration Appeals,   *
                                         *          [PUBLISHED]
          Respondent.                    *

_____

Submitted:  March 6, 2001

Filed:  March 9, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

This case hinges on the proof and validity of an extra-judicial customary divorce in Nigeria.  Okon E. Iyamba initially came to the United States from Nigeria on a student visa.  His status was adjusted to that of a lawful permanent resident in September 1983 upon his marriage to an American citizen.  In a 1992 order to show cause, the Immigration and Naturalization Service charged him with deportability under the Immigration and Nationality Act § 241(a)(1)(B) (now 8 U.S.C. § 1227(a)(1)(B)), alleging he was ineligible for the status adjustment because his prior marriage to Lucy Iyamba, a Nigerian citizen, had not been legally terminated.

According to Mr. Iyamba, in 1981 he returned to Nigeria, where his father and Lucy Iyamba's father conducted an extra-judicial customary divorce.

The documentary evidence included Mr. Iyamba's application for suspension of deportation, an "Affidavit of Divorce" from Lucy Iyamba's father, and an order from a Nigerian magistrate. After reviewing this evidence and hearing testimony from Mr. Iyamba, Lucy Iyamba, and one of their daughters, the Immigration Judge (IJ) found Mr. Iyamba to be deportable, and denied his application for suspension of deportation and his request for voluntary departure. He appealed to the Board of Immigration Appeals (BIA) which, after conducting an independent review, dismissed the appeal.

In his petition to this court, Mr. Iyamba makes several arguments, some of which are misdirected, as they relate to the IJ's decision; because the BIA conducted an independent review of the IJ's findings, appellate review is of the BIA's decision. See Perez v. INS, 96 F.3d 390, 392 (9th Cir. 1996). Having reviewed the BIA's factual findings for substantial evidence and its legal determinations de novo, according substantial deference to its interpretation of the statutes and regulations it administers, we deny Mr. Iyamba's petition. See Tang v. INS, 223 F.3d 713, 718-19 (8th Cir. 2000) (standard of review).

Assuming an extra-judicial divorce is possible in the region of Nigeria in which Mr. Iyamba previously lived, we nonetheless agree with the BIA's conclusion that he was deportable. The Nigerian magistrate's order does not reflect that the magistrate ascertained *any* steps taken to obtain the divorce, let alone the kind of steps outlined in documents submitted to the IJ; rather, it appears to indicate only that customary divorce is possible. The affidavit, in turn, is too conclusory to provide evidence that the required steps for a customary divorce occurred. See Dabaase v. INS, 627 F.2d 117, 119 (8th Cir. 1980) (per curiam) (in denying petition for review of deportation order, noting petitioner's evidence--letters detailing his efforts to secure various forms of evidence and "conclusory affidavit" of his Ghanaian wife asserting only that she had

been divorced from petitioner "under the Ghanaian Tribal Native Customs Divorce"--did not establish, inter alia, that "pertinent ceremonial procedures were followed"). We also agree with the BIA that Mr. Iyamba's testimony was too vague to corroborate the documentary evidence that the required ceremonial-divorce formalities occurred. Cf. Rucu-Roberti v. INS, 177 F.3d 669, 670 (8th Cir. 1999) (per curiam) (noting BIA's conclusion that asylum seeker's "vague" testimony was insufficient to meet her burden of proof). For example, he omitted on his suspension application the dates of his alleged trip to Nigeria during which he contends he was divorced, he testified that his application contained accurate dates; he provided no explanation why he divorced other than that the marriage "didn't work"; though he allegedly went to Nigeria for the divorce, he could not explain what occurred there; and he provided inconsistent testimony as to dates of other events. Cf. Hamzehi v. INS, 64 F.3d 1240, 1243-44 (8th Cir. 1995) (because "vagueness, confusion, and inconsistencies" permeated petitioners' testimony, they failed to establish asylum claim; while inconsistencies do not necessarily justify denial of claims supported by more substantial evidence, weaknesses in petitioners' testimony were fatal because this court was left without compelling evidence).

As to the BIA's suspension-of-deportation determination, our precedent forecloses Mr. Iyamba's argument that the BIA erroneously ignored his accumulation of physical presence in the United States after issuance of the show cause order. See Afolayan v. INS, 219 F.3d 784, 788-89 (8th Cir. 2000) (continuous-physical-presence clock stops and does not start anew after service of show cause order). Finally, although Mr. Iyamba argues that the BIA erred in denying his motion to remand, no evidence in the record suggests he even filed such a motion.

Accordingly, we deny the petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.