# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2782

_____

Santos Andres Ramirez; Maria Luz    *
Ramirez; Maria Del Carmen    *
Ramirez-Alvarado; Yasmin Ramirez-    *
Alvarado; Ana Ramirez-Alvarado;    *
Santos Ramirez-Alvarado; Melvin    *
Ramirez-Alvarado,    *    On Petition for Review from
   *    Immigration and Naturalization
         Petitioners,    *    Service.
   *
     v.    *      [UNPUBLISHED]
   *
Immigration and Naturalization    *
Service,    *
   *
         Respondent.    *

_____

Submitted: May 16, 2001

Filed: July 24, 2001
_____

Before LOKEN, JOHN R. GIBSON, and FAGG, Circuit Judges.
_____

PER CURIAM.

Santos Andres Ramirez, a citizen of El Salvador, entered the United States with his wife without inspection in 1992. Their children arrived in 1995 and 1996. In 1997, the Immigration and Naturalization Service (INS) issued an order to show cause to each

member of the Ramirez family charging them with deportability. As the main petitioner on whom his family relies, Ramirez conceded deportability, but requested asylum and withholding of deportation. Ramirez alleged past persecution in El Salvador and a fear of future persecution there because his relatives were guerrillas or their sympathizers. After a hearing, an immigration judge (IJ) denied the application for asylum and withholding of deportation. The family appealed the IJ's decision to the Board of Immigration Appeals (BIA), and the BIA denied the appeal. The family then filed this petition for review of the BIA's decision. We review the BIA's denial of asylum for abuse of discretion and the underlying factual findings under a substantial evidence standard. See Rucu-Roberti v. INS, 177 F.3d 669, 670 (8th Cir. 1999) (per curiam).

The Attorney General may grant asylum to an alien who is unwilling to return to his or her home country because of persecution or a well-founded fear of persecution on account of, among other things, membership in a particular social group or political opinion. See id.; 8 U.S.C. § 1101(a)(42)(A). Ramirez claims he was persecuted when the Ramirez family name appeared on a death squad "hit list" in 1980, the Ramirez family abandoned their house that year and lived elsewhere in El Salvador until 1992, and the Ramirez home was ransacked and burned two weeks after they left.

Ramirez has failed to show no reasonable factfinder could fail to find he established a well-founded fear of future persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481, 484 (1992). Instead, the record shows the BIA correctly decided country conditions have changed in El Salvador and the BIA properly analyzed Ramirez's particular circumstances. According to Ramirez, his family last received threats twenty years ago and he did not suffer any harm between the time of the alleged threats and his departure from El Salvador twelve years later. Ramirez also did not show his children had any problems in El Salvador after his departure in 1992, and Ramirez did not present any evidence showing he is still in danger. To the extent Ramirez presented evidence tending to show his family was the target of death squad persecution in 1980,

it fell short of requiring the BIA to find the family eligible for asylum at this time.  <u>See</u> <u>Cigaran v. Heston</u>, 159 F.3d 355, 357-58 (8th Cir. 1998).

Because Ramirez has not shown the well-founded fear of persecution necessary for asylum, he cannot establish the more stringent "clear probability" of persecution required for withholding of deportation.  <u>See</u> <u>Kratchmarov v. Heston</u>, 172 F.3d 551, 555 (8th Cir. 1999).  We thus affirm the BIA's decision and deny the petition for review.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-