# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1426

_____

|  |  |  |
|---|---|---|
| Mavis Ofori, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the |
| | * | Board of Immigration Appeals. |
| John Ashcroft, Attorney General | * | |
| of the United States of America, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: December 30, 2004
Filed: January 10, 2005

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Mavis Ofori, a citizen of Ghana, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed without opinion an Immigration Judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] Ofori challenges the IJ's adverse credibility

_____

[1]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003); 8 C.F.R. § 1003.1(e)(4) (2004).

determination, and argues that her case was not appropriate for an affirmance without opinion.

Ofori's argument regarding the BIA's decision to affirm without opinion is unreviewable. See Ngure v. Ashcroft, 367 F.3d 975, 981-88 (8th Cir. 2004) (decision whether to employ affirmance-without-opinion procedure in particular case is committed to agency discretion and not subject to judicial review).

After careful review of the record, we conclude that the IJ's decision on Ofori's asylum application is supported by substantial evidence on the record as a whole. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review). The IJ discredited Ofori's testimony about past persecution she suffered because, among other things, some of her allegations were implausible and unsupported by any documentary evidence. As the IJ's credibility finding rested on specific, cogent reasons for disbelief, we defer to the finding. See Nyama v. Ashcroft, 357 F.3d 812, 816-17 (8th Cir. 2004) (per curiam) (deference standard); Rucu-Roberti v. INS, 177 F.3d 669, 670 (8th Cir. 1999) (per curiam) (upholding adverse credibility determination where alien's allegations were implausible and alien failed to present corroborating evidence). In addition, because Ofori failed to meet the burden of proof on her asylum claim, her application for withholding of removal necessarily fails as well, see Kratchmarov v. Heston, 172 F.3d 551, 555 (8th Cir. 1999) (withholding-of-removal standard is more difficult to meet than asylum standard); and there is no basis in the record for relief under the CAT, see Ngure, 367 F.3d at 922-93 (discussing requirements for CAT relief).

Accordingly, we deny the petition.

_____