# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2212

_____

| | | |
|---|---|---|
| Konan Francis Yoboue, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the |
| | * | Board of Immigration Appeals |
| Alberto Gonzales,[1] Attorney General | * | |
| of the United States, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: April 29, 2005
Filed: May 20, 2005

_____

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Konan Francis Yoboue, an Ivory Coast citizen, petitions for review of an order of the Board of Immigration Appeals (BIA), which summarily affirmed an

_____

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Immigration Judge's (IJ's) denial of asylum, withholding of removal, relief under the Convention Against Torture (CAT), and voluntary departure.[2]

After careful review of the record, we conclude that the IJ's decision on Yoboue's asylum application is supported by substantial evidence on the record as a whole. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review). The IJ discredited Yoboue's allegations of persecution because of inconsistencies and implausibilities in his testimony and because he did not present any documentary evidence to support his allegations of persecution. We defer to this credibility finding. See Nyama v. Ashcroft, 357 F.3d 812, 817 (8th Cir. 2004) (per curiam) (deference standard; IJ may properly request corroborating evidence if alien's credibility is in question); Kondakova v. Ashcroft, 383 F.3d 792, 796 (8th Cir. 2004) (IJ's credibility finding was supported by specific, cogent reasons for disbelief where alien's testimony and asylum application were inconsistent), cert. denied, 125 S. Ct. 894 (2005); Rucu-Roberti v. INS, 177 F.3d 669, 670 (8th Cir. 1999) (per curiam) (upholding adverse credibility determination where alien's allegations were implausible and alien failed to present corroborating evidence).

In addition, because Yoboue failed to meet the burden of proof on his asylum claim, his application for withholding of removal necessarily fails as well, see Regalado-Garcia v. INS, 305 F.3d 784, 788 (8th Cir. 2002) (withholding-of-removal standard is more rigorous than asylum standard); we see no basis in the record for relief under the CAT, see Habtemicael v. Ashcroft, 370 F.3d 774, 780-82 (8th Cir. 2004) (discussing requirements for CAT relief); and we lack jurisdiction to review the denial of voluntary departure, see 8 U.S.C. §§ 1229c(f) (no court shall have jurisdiction over appeal from denial of voluntary departure), 1252(a)(2)(B)(i) (no

---

[2]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003).

court shall have jurisdiction to review "any judgment" regarding grant of voluntary departure).

Accordingly, we deny the petition.

_____