# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2179

_____

| | | |
|---|---|---|
| Benoit Brene, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of |
| v. | * | an Order of the |
| | * | Board of Immigration Appeals. |
| Alberto Gonzales,[1] As Attorney General | * | |
| of the United States of America, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: September 29, 2005
Filed: October 12, 2005

_____

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Benoit Brene, a citizen of Haiti, petitions for review of an order of the Board of Immigration Appeals, which affirmed without opinion an Immigration Judge's (IJ's) finding of removability and denial of asylum and withholding of removal.[2]

_____

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

[2]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See 8 C.F.R. § 1003.1(e)(4) (2005); Phommasoukha v.

After careful review of the record, we conclude that the IJ's decision that Brene was removable under 8 U.S.C. § 1182(a)(6)(C)(ii), for attempted entry by falsely claiming United States citizenship, is supported by substantial evidence. See 8 U.S.C. § 1252 (judicial review of removal orders); cf. Ymeri v. Ashcroft, 387 F.3d 12, 19 (1st Cir. 2004) (substantial evidence supported IJ's determination that aliens sought to procure admission or other immigration benefit by willful misrepresentation where aliens presented false passports to immigration inspector, inspector detected that passports were false, and aliens then admitted passports were false).

We also conclude that the IJ's decision that Brene did not establish past persecution or a well-founded fear of future persecution is supported by substantial evidence on the record as a whole. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review). Brene's detainment following an alleged May 2000 demonstration was brief; he was never physically harmed; he was unable to confirm that a group of individuals who came to his apartment in August 2000 were actually members of LAVALAS--a political party in Haiti--who wished to harm him because of his ties to a local political candidate and an opposition political party; and the evidence Brene adduced to show that LAVALAS members continued to search for him was vague and conclusory. See Krasnopivtsev v. Ashcroft, 382 F.3d 832, 839 (8th Cir. 2004) (persecution is extreme concept, and brief periods of detention or isolated violence do not necessarily constitute persecution); Regalado-Garcia v. INS, 305 F.3d 784, 787-88 (8th Cir. 2002) (neither brief detainment and questions by judicial police, nor flight from unidentified individuals, were sufficient to constitute persecution; petitioner did not suffer harm or physical injury as result of incidents, which were discrete and did not constitute persecution); Iyamba v. INS, 244 F.3d 606, 608 (8th Cir. 2001) (per curiam) (rejecting conclusory affidavit as evidence of event occurrence). Because we find that substantial evidence supports the IJ's denial of Brene's request for asylum, his application for withholding

Gonzales, 408 F.3d 1011, 1014 (8th Cir. 2005).

of removal necessarily fails as well.  <u>See</u> <u>Turay v. Ashcroft</u>, 405 F.3d 663, 667 (8th Cir. 2005) (withholding-of-removal standard is more rigorous than asylum standard).

Accordingly, we deny Brene's petition.

_____