# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3651

_____

Chak Yiu Lui; Oi Ying Lui,            *
                                      *
            Petitioners,              *
                                      *   Petition for Review of an Order of
      v.                              *   the Board of Immigration Appeals.
                                      *
Eric H. Holder, Jr., Attorney General *
of the United States,                 *
                                      *
            Respondent.               *

_____

Submitted: September 21, 2009
Filed: April 6, 2010

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

BYE, Circuit Judge.

Chak Yiu Lui and his wife Oi Ying Lui, both citizens of Hong Kong, petition for review of a Board of Immigration Appeals (BIA) decision ordering the Luis removed to Hong Kong, denying them relief from removal in the form of adjustment of status, and denying them the alternative relief of voluntary departure. The Luis argue the immigration judge (IJ) and the BIA denied them due process of law, made findings of fact unsupported by the record, and that the BIA exceeded its authority by making findings of fact on issues not considered by the IJ. We deny the petition.

## I

Chak Yiu Lui's sister, a U.S. citizen, filed a Petition for Alien Relative benefitting Mr. Lui and listing his wife, Oi Ying Lui, as a derivative beneficiary. The petition was approved on August 28, 1987. The Luis were informed by the consulate in Hong Kong that visa numbers were not immediately available for their use and they would be contacted when their petitions could be actively processed. The Luis entered the United States legally in non-immigrant status on December 30, 1992. Mr. Lui entered the country on an employment based L-1 visa (intra-company transferee) and his wife entered on an L-2 visa as his spouse. The Luis' legal status expired on July 10, 1994. Mr. Lui's sister filed another petition benefitting the couple on September 30, 1998.

On May 15, 2003, the Luis applied for adjustment of status based on the 1987 petition, for which there were visa numbers available. United States Citizenship and Immigration Services (U.S.C.I.S.) denied the Luis adjustment of status because the case opened by the 1987 petition had been terminated for non-response in May of 1999. U.S.C.I.S. found the originating petition was destroyed on May 17, 2000, after the Luis failed to respond to letters mailed by the consulate to their address of record in Hong Kong. U.S.C.I.S. determined visa numbers were not yet available for the petition filed in 1998. In addition, the agency found the willful failure to file a sales tax return, of which Mr. Lui had been convicted of two counts, qualified as a crime involving moral turpitude and separately made Mr. Lui ineligible for adjustment of status.

Immigration and Customs Enforcement (I.C.E.) issued notices to appear to both of the Luis on February 14, 2006, and placed the couple in removal proceedings. I.C.E. charged the Luis with removability based on the overstay of their visas. I.C.E. also charged Mr. Lui with removability based on his commission of a crime involving moral turpitude, but withdrew that charge at the hearing and only pursued the charge

of removability based on visa overstay. The Luis conceded removability and requested the affirmative relief of adjustment of status or, in the alternative, voluntary departure.

The IJ found the Luis ineligible for adjustment of status because she found there were no visas immediately available for their use. The judge based this finding on the termination of the case opened by the 1987 petition and the fact that visa numbers were not yet available for the priority date of the 1998 petition. She also denied both requests for voluntary departure. She found Mr. Lui had committed a crime involving moral turpitude, which made him ineligible for such relief. The judge also found neither of the Luis had presented clear and convincing evidence to show they had the means to depart the country voluntarily within the maximum time allotted for a voluntary departure. The Luis were ordered removed to Hong Kong.

The Luis appealed the IJ's decision to the BIA, arguing the IJ was incorrect in finding the termination of the 1987 petition case made the Luis ineligible for adjustment of status. The Luis argued the crime to which Mr. Lui had pleaded guilty was not a crime involving moral turpitude and was therefore not a proper basis on which to deny him relief. The Luis also claimed to have presented sufficient evidence at the hearing regarding their ability to depart the country and argued the IJ should have granted them voluntary departure. The BIA affirmed the decision of the IJ on October 16, 2008. The Luis petition for review of that order.

II

The BIA issued an independent decision without adopting the IJ's findings or conclusions. Therefore, although the BIA decision and findings closely track those

of the IJ,[1] this court reviews only the BIA decision. See Iyamba v. I.N.S., 244 F.3d 606, 607 (8th Cir. 2001).

## III

The Luis first contend the BIA improperly considered documents which should not have been part of the record. They claim U.S.C.I.S. documents related to the original denial of the Luis' request for adjustment of status, as well as documents related to Mr. Lui's criminal convictions, were improperly included in the record on appeal. The Luis argue their due process rights were violated because it was fundamentally unfair for the BIA to consider evidence as part of the immigration court record when that evidence was not properly submitted, not properly admitted into evidence, and not provided to counsel at the hearing. "The Fifth Amendment's due process clause mandates that removal hearings be fundamentally fair." Al Khouri v. Ashcroft, 362 F.3d 461, 464 (8th Cir. 2004).

The hearing before the IJ was held by speaker-phone. The IJ and counsel for the government were together in one courtroom in Louisiana, while the Luis and their counsel were in a courtroom in St. Louis. At some point during the hearing, and on the record, the IJ accepted paperwork handed to her by government counsel. The IJ went off the record to review the paperwork and then resumed proceedings to discuss the contents of those documents on the record. Counsel for the Luis did not object at any point. The Luis did not raise this issue before the BIA.

"A court may review a final order of removal only if - (1) the alien has exhausted all administrative remedies available to the alien as of right . . . ." 8 U.S.C.

---

[1]The Luis question the legitimacy of the "oral decision" dated the day of the hearing, alleging it was inserted by the IJ when the BIA appeal was filed. Since our review is restricted to the BIA decision in this case, we do not reach questions regarding the written decision of the IJ. See Iyamba, 244 F.3d at 607.

§ 1252(d). "We consistently have required issue exhaustion in post-IIRIRA immigration cases, and referred to the rule as 'jurisdictional,' although we have not tied the requirement to § 1252(d)(1)." Etchu-Njang v. Gonzales, 403 F.3d 577, 583 (8th Cir. 2005). "[S]tatutory requirements often are 'jurisdictional,' while court-imposed issue exhaustion requirements are not, and the latter are more likely to be subject to exceptions in particular circumstances." Etchu-Njang, 403 F.3d at 584 (citation omitted). We need not address the nature of the exhaustion requirement in this case because, regardless of what theory of exhaustion applies, the Luis have not argued they qualify for any exception to the exhaustion requirement.

The transcript shows counsel was aware the IJ was reviewing the documents and basing her decision on them. It is also evident from the transcripts the Luis were aware of the existence of the documents and familiar with their contents. Counsel for the Luis referred to the criminal court records several times in his own argument on the legal issues. The Luis had already submitted copies of Mr. Lui's criminal records in their motion to reopen the original petition for adjustment of status. They subsequently submitted the same documents as an appendix to their brief to the BIA, without ever raising any question as to the origin or admissibility of those documents. Although the Luis imply the BIA took the documents into account *sua sponte* and contend they had no way of knowing what those documents were at the time of the hearing, they were clearly on notice the IJ was in possession of the documents and had based her decision on them. There is no reason they could not have raised the issue before the BIA. This court is either without jurisdiction to review, or simply precluded from reviewing, an issue not raised before the BIA.

IV

The Luis argue the documents on which the BIA based its decision were not properly admitted into the record and therefore cannot form support for the decision. The Luis do not argue that the record does not contain sufficient support for the BIA

decision except in the context of the documents they claim should have been excluded. However, they made no argument to the BIA that these documents should not be considered. As with the due process issue, the Luis have failed to preserve this issue for appeal.

V

The Luis contend the BIA made new findings of fact in areas not considered by the IJ and exceeded the scope of its review authority. The BIA reviews findings of fact by an IJ to determine if the findings are clearly erroneous. 8 C.F.R. § 1003.1(d)(3)(i). Under 8 C.F.R. § 1003.1(d)(3)(iv),

> [e]xcept for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals. A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand. If further factfinding is needed in a particular case, the Board may remand the proceeding to the immigration judge or, as appropriate, to the Service.

Most of the "new findings" the Luis point out in their brief are simply differently worded versions of findings the IJ made at the hearing. The Luis claim the BIA found the "visa" was terminated, while the IJ found the "case" was terminated and the visa petition was destroyed. When an immigrant fails to apply for a visa under a petition for alien relative for which visa numbers have become available, the alien's registration in the Secretary of State's lists of approved applicants is terminated pursuant to 8 U.S.C. § 1153(g). The Luis do not point to any reason the difference in semantics would change the substantive nature of this finding of fact.

The Luis also argue the BIA found the Luis were notified by the consulate of certain information, while the IJ merely found the consulate sent the information to

-6-

the Luis' address. The Luis have not presented any authority to establish that notice, or the lack thereof, would have any bearing on their case. We will not engage in an examination of the semantics of a finding of fact that is irrelevant to the outcome of this case.

The Luis take issue with the BIA's finding that Mr. Lui was statutorily ineligible for adjustment of status as a person convicted of a crime involving moral turpitude. Under 8 U.S.C. § 1255(i)(2)(A) an alien must be "admissible to the United States for permanent residence" in order to be eligible for adjustment of status. Under 8 U.S.C. § 1182(a)(2)(i)(I), an alien who has been convicted of a crime involving moral turpitude is not admissible to the United States. The IJ found Mr. Lui had been convicted of a crime involving moral turpitude when she denied his request for voluntary departure. The Luis contend it was impermissible fact-finding for the BIA to conclude that Mr. Lui was also ineligible for adjustment of status on that basis. However, the determination that Mr. Lui was statutorily ineligible for adjustment was a legal finding, based on the IJ's factual finding that Mr. Lui had been convicted of two counts of willful failure to file a tax return. The BIA reviews legal questions de novo and is entitled to reach its own legal conclusions based on the underlying facts. 8 C.F.R. § 1003.1(d)(3)(ii).

Last, the Luis point out that the BIA found Mr. Lui would not be eligible for relief in the form of a waiver under 8 U.S.C. § 1182(h)(1)(B) because he does not have a qualifying relative. To qualify for a waiver under that section, an alien must have a spouse, parent, son or daughter who is a U.S. citizen or lawfully resident. The IJ did not make a determination as to whether Mr. Lui had a qualifying relative under the waiver provisions of 8 U.S.C. § 1182(h)(1)(B) because she did not make a legal determination about his admissibility, having already found him ineligible for adjustment on other grounds. The record does not support this finding and, in any case, the Luis were not permitted to present evidence on this point because the IJ pretermitted the application. It was improper for the BIA to determine that Mr. Lui

had no qualifying relative. Ordinarily, the remedy for improper fact-finding by the BIA is remand. <u>See</u> <u>Nabulwala v. Gonzales</u>, 481 F.3d 1115, 1118-19 (8th Cir. 2007); <u>Ramirez-Peyro v. Gonzales</u>, 477 F.3d 637, 641-42 (8th Cir. 2007). However, it would not make sense to remand this case, as there is nothing remaining for the BIA to do. The error did not affect the merits of the decision because the improperly found fact is extraneous. The IJ and the BIA both found that the Luis were ineligible for adjustment on other grounds.

IV

For the reasons stated above, we deny the petition for review.

_____