**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANGEL GALINDO; SONIA GALINDO,

     Petitioners,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

     Respondent.

No. 10-9505
(Board of Immigration Appeals)

---

**ORDER DISMISSING APPEAL**

---

Before **BRISCOE**, Chief Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

Angel and Sonia Galindo petition for review of the denial of their applications for

cancellation of removal under 8 U.S.C. § 1229b(b). They claim the Board of

Immigration Appeals (BIA) violated their due process rights[1] by not allowing them to

supplement the record to address whether their son, a United States citizen, would suffer

continued hardship past age eighteen if they were deported.[2] The government asked this

---

[1] Their brief listed equal protection as an issue but never discussed it. This issue
has not been presented adequately for us to consider it on appeal. *See United States v.
Abdenbi*, 361 F.3d 1282, 1289 (10th Cir. 2004).

[2] They claim the BIA violated their rights by determining hardship at the time of
the appeal and not at the time of their initial application for relief. However, they did not
develop that argument in their brief.

Court to dismiss the petition under 8 U.S.C. § 1252(A)(2)(B)(i), which removes our jurisdiction to review a judgment granting relief under § 1229b. We conclude we are without jurisdiction to review the petition and dismiss.

## BACKGROUND

Angel and Sonia, citizens of Mexico, entered the United States illegally in 1989 and 1990, respectively. Three of their four children were born in Mexico but the youngest was born in California in 1992 and is thus a United States citizen. U.S. CONST. amend. XIV, § 1. The Immigration and Naturalization Service (INS)[3] charged the Galindos with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as aliens present without being admitted or paroled. They conceded removability and initially requested asylum but later withdrew their asylum applications and requested cancellation of removal under 8 U.S.C. § 1229b(b). They argued their minor United States citizen son would undergo extreme hardship if they were removed to Mexico. An immigration judge initially denied relief to each of them. The BIA affirmed the decision in Sonia's case and dismissed Angel's untimely appeal. The cases were reopened upon their request because their original attorney was disbarred after the appeals and they claimed his deficient performance had prejudiced their rights. The Galindos' cases were eventually consolidated.

Their new lawyer referred them to a psychologist to determine if their son would

---

[3] The immigration enforcement functions of the former INS were transferred to the Department of Homeland Security on March 1, 2003. Homeland Security Act of 2002, Pub.L. 107-296, § 402, 116 Stat. 2135, 2178 (2002).

suffer hardship if they were deported. The psychologist diagnosed the child with a learning disability, concluding he suffered from both a "[m]athematics disorder" and "[d]isorder of written expression." (R. Vol. I at 689.) His testimony, marked by hyperbole, characterized the child's learning disability in mathematics as "severe" and in his opinion moving to a foreign country would be "significantly more traumatic" for a child with learning disabilities than for a child without such disabilities. (*Id.* at 167, 169**.**) The learning disability (but not the hyperbole) was confirmed by a psychologist at the University of Utah.

The child was enrolled in school at the time of the reopened hearing but was not receiving special educational services. He was fourteen years old at that time; nine when the case was first heard. Sonia testified she and Angel could not afford to send their son to school in Mexico if they were deported. The immigration judge found the Galindos had not met their burden of proof and had not shown their child would experience "exceptional and extremely unusual hardship" if they were deported. *See* 8 U.S.C. § 1229b(b)(1)(D). He denied them cancellation of removal but granted them voluntary departure. The Galindos appealed and the BIA dismissed the appeal.

## DISCUSSION

The Immigration and Nationality Act provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1229b." We have construed the term "judgment" in this subsection as referring to the discretionary aspects of a decision concerning cancellation of removal. This includes any underlying factual determinations as well as the determination of whether the petitioner's

removal from the United States "would result in exceptional and extremely unusual hardship" to a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D). "We do, however, have jurisdiction to review 'constitutional claims' and 'questions of law.'" *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 2092 (2010) (citations omitted).

Aliens facing removal are "entitled only to procedural due process, which provides the opportunity to be heard at a meaningful time and in a meaningful manner." *Schroeck v. Gonzales*, 429 F.3d 947, 952 (10th Cir. 2005) (quotation omitted). Insofar as the Galindos are attacking the BIA's discretionary denial of cancellation of withholding, we are without jurisdiction to review that issue. 8 U.S.C. § 1252(A)(2)(B)(i). The Galindos attempt to cast their arguments as constitutional claims by saying they were not given the opportunity to be heard at a meaningful time and in a meaningful manner. They claim the BIA presumed, without basis and without giving them a chance to rebut the presumption, that "since [the child] would be turning eighteen in May of 2010, any hardship he would suffer would cease to be relevant to [their] case." (Petitioners' Br. at 13.) Even a cursory review of the BIA decision shows this is not the case.

The BIA concluded because the child "has so little schooling remaining, the difference in quality, availability, and affordability of special educational services in Mexico as compared to the United States is a much diminished factor." (R. Vol. I at 3 (emphasis added).) It noted the psychologist's testimony (that moving would be significantly more traumatic for the Galindos' son than for a child without learning disabilities) but determined the basis for those conclusions was not clear—there was no

evidence the child had special emotional sensitivities and the record focused on the child's educational needs. At the final hearing, the Galindos' attorney specifically argued the child was "at a delicate age at 16 years, two years left to attain a high school education which at least gets his foot in the door into a future, future progress here in the United States, and basically would abandon that, if going back to the family in Mexico." (R. Vol. I at 484.) When asked to specifically define the potential hardship, counsel stated, "The hardship is that he is not going to get any education if he goes to Mexico." (*Id.* at 492.) The Galindos specifically chose to focus on the effects of a move on their son's access to secondary education. If there was hardship outside the educational context, the burden was on the Galindos to present evidence of continuing hardship over the course of their son's life. This is a blatant attempt to recast a discretionary finding, with which they disagree as a constitutional violation, in order to skirt our jurisdictional limitation. Such disingenuousness "is clearly insufficient to give this Court jurisdiction under § 1252(a)(2)(D)." *Arambula-Medina*, 572 F.3d at 828 (quotation omitted).

The Galindos also claim the BIA engaged in impermissible appellate fact-finding in violation of 8 C.F.R. § 1003.1(d)(3)(iv).[4] They argue the BIA presumed "that [their

---

[4] 8 C.F.R. § 1003.1(d)(3)(iv) provides:

Except for taking administrative notice of commonly known facts such as current events or the contents of official documents, the Board will not engage in factfinding in the course of deciding appeals. A party asserting that the Board cannot properly resolve an appeal without further factfinding must file a motion for remand. If further factfinding is needed in a particular case, the Board may remand the proceeding to the immigration judge or, as appropriate, to the Service.

son] would graduate from high school and be able to function normally as an adult in spite of his diagnosed learning disability." (Petitioners' Br. at 14.) It is helpful to examine the analysis in each decision to see why this argument is baseless. The immigration judge's decision reads, in relevant part:

> Here, the Respondents maintain that their removal to Mexico would result in exceptional and extremely unusual hardship to their son . . ., who is a citizen of the United States. Having satisfied all other statutory elements to be considered for cancellation, this decision hinges on whether [the child] will face an exceptional and extreme hardship if the Respondents are removed to Mexico, the burden is on the Respondents to show this hardship. [The child] is fluent in both Spanish and English. He has been diagnosed with a learning disability in the areas of math and verbal communication, but found to be of above average intelligence. [He] is not receiving, and likely will not receive any special attention here as a result of the diagnosis and so the fact that special education programs in Mexico are substandard is irrelevant. The Respondents failed to bring any convincing evidence that [he] will not have access to any education in Mexico. Although relocation may be difficult for any teenager, the Respondents have failed to show that [he] would face any hardship that would amount to anything beyond that normally associated with leaving the United States.

(R. Vol. I at 43-44.)

The BIA's decision on the same point reads:

> The respondents did not establish that their removal would result in exceptional and extremely unusual hardship to their United States citizen son. . . . Two psychological evaluations in the record conclude that [the child] has learning disabilities with respect to math and writing. (Exhs. 7, 8). The evaluation by [one psychologist] also indicates that [the child] was scheduled to be placed in special education classes (Exh. 8). The record does not sufficiently show, however, that [the child]'s learning disabilities would render the hardship resulting from his parents' removal exceptional and extremely unusual. On this record, [he] has only one semester left in high school, so his need for special educational services is almost over. He will be 18 years old in May 2010.

> The record is unclear whether [the child] would stay in the United States or accompany his parents to Mexico. Because he has so little schooling

- 6 -

remaining, the difference in quality, availability, and affordability of special educational services in Mexico as compared to the United States is a much diminished factor. If the respondents chose to have [him] remain in the United States to finish high school, his separation from them would only need to be a few months.

[The psychologist] testified that having to move to a new country or being separated from one's family "would be significantly more traumatic" for [the child] because of his learning disabilities (Tr. at 71-72). But the basis for these conclusions is unclear. The record focuses on [the child]'s educational needs. There is no other indication that he has special emotional sensitivities. The evidence is not sufficient to establish that [his] learning disabilities would cause him to suffer exceptional and extremely unusual emotional, psychological, or other hardship if his parents are removed to Mexico. The record does not show that the hardship [he] would face upon his parents' removal would be substantially beyond that typically caused by a parent's removal.

(R. Vol. I at 3-4.)

The BIA did not engage in impermissible fact-finding. The immigration judge made a finding of fact that established the child's age. The BIA concluded the child's age diminished the significance of the difference in educational services between the countries and affirmed the immigration judge's conclusion there was no basis for finding the hardship to the child would be "substantially beyond that typically caused by a parent's removal," a determination we are without jurisdiction to review. *See Arambula-Medina*, 572 F.3d at 828. Even if we agreed with the Galindos' characterization of the BIA's statements as impermissible fact-finding, we would deny the petition for review. The appropriate remedy when the BIA engages in fact-finding in violation of 8 C.F.R. § 1003.1(d)(3)(iv) is to remand the case for proper reconsideration. *See Kabba v. Mukasey*, 530 F.3d 1239, 1248-49 (10th Cir. 2008). However, here the BIA affirmed the dispositive findings made by the immigration judge and his conclusions of law. Any

additional fact-finding was therefore extraneous and we will not remand to the agency for what would amount to a cosmetic change in the decision. *See Chak Yiu Lui v. Holder*, 600 F.3d 980, 985 (8th Cir. 2010).

We grant the government's motion and DISMISS the petition for review.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge