# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-2271

———————————————

Rosalia Juan Francisco, also known as Rosalia Juan-Francisco; Manuel Lisandro Juan Francisco, also known as Manuel Lisandro Juan-Francisco

*Petitioner*s

v.

William P. Barr, Attorney General of United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: December 18, 2020
Filed: December 23, 2020
[Unpublished]

——————————

Before GRUENDER, ERICKSON, and GRASZ, Circuit Judges.

——————————

PER CURIAM.

Guatemalan native and citizen Rosalia Francisco, individually and on behalf of her minor son Manuel, petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed her appeal from an immigration judge's (IJ's) decision denying her asylum, withholding of removal, and protection under the

Convention Against Torture (CAT).[1] Francisco challenges the denial of relief and repeats her argument, rejected by the BIA, that the immigration court never acquired jurisdiction over her proceedings because her Notice to Appear was deficient, citing *Pereira v. Sessions*, 585 U.S. ---, 138 S. Ct. 2105 (2018). We do not consider new arguments that Francisco failed to present to the agency. *See Chak Yiu Lui v. Holder*, 600 F.3d 980, 984 (8th Cir. 2010).

As a preliminary matter, we conclude that this court's precedent, which we are bound to follow, forecloses Francisco's jurisdictional argument. *See Ali v. Barr*, 924 F.3d 983, 985-86 (8th Cir. 2019) (concluding that *Pereira* decided a "narrow" issue relating to the stop-time rule for cancellation of removal and "had nothing to say" about when an IJ obtains jurisdiction over removal proceedings; an immigration court obtains jurisdiction over removal proceedings when a charging document (such as a Notice to Appear) is filed with the immigration court; and a Notice to Appear needs to provide the time, date, and place information only "where practicable," based on applicable regulations); *see also United States v. Escobar*, 970 F.3d 1022, 1026-27 (8th Cir. 2020) (reiterating that this court has repeatedly declined to overrule *Ali*).

Even assuming Francisco meaningfully challenged the agency's denial of asylum, *see Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (explaining that a claim not meaningfully argued in an opening brief is deemed waived), we conclude that substantial evidence supports the agency's decision, *see Fuentes-Erazo v. Sessions*, 848 F.3d 847, 852 (8th Cir. 2017) (explaining that the agency's factual findings will not be disturbed unless a petitioner demonstrates the evidence not only supports a contrary conclusion but compels it, in other words,

---

[1]Because Manuel's asylum application is derivative of his mother's, all references are to Francisco. *See* 8 U.S.C. § 1158(b)(3)(A) (stating that a child may be granted asylum if the accompanying principal alien was granted asylum). There are no derivative benefits for withholding of removal or CAT relief. *See Fuentes v. Barr*, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam).

unless any reasonable fact finder would be compelled to conclude to the contrary). Specifically, even if her proposed particular social group of "Guatemalan women unable to leave domestic relationships" is cognizable, a reasonable fact finder could conclude, as the IJ and BIA did, that she failed to demonstrate membership in that group because she left her abuser and remained unharmed in Guatemala for over four years before departing for the United States. *See id.* at 852-53 (concluding that substantial evidence supported the agency's finding that the petitioner failed to establish membership in her proposed particular social group of "Honduran women in domestic relationships who are unable to leave their relationships" because "she was, in fact, able to leave her relationship" and remained unharmed in her native country for approximately five years). In addition, although Francisco referenced her Q'anjob'al race, as the IJ found and the record demonstrated, she neither developed that claim nor offered any explanation why she merited relief based on her indigenous identity.

Finally, we conclude that substantial evidence supports the agency's conclusion that Francisco was not eligible for withholding of removal and protection under the CAT. *See id.* at 853 (explaining that an applicant who fails to meet the standard of proof for asylum necessarily fails to meet the higher standard of proof required for withholding of removal); *Ming Ming Wijono v. Gonzales*, 439 F.3d 868, 874 (8th Cir. 2006) (concluding that the denial of asylum and withholding of removal dictates the same outcome on a CAT claim when the claims are based on the same underlying facts).

Accordingly, the petition for review is denied. *See* 8th Cir. R. 47B.

_____