# United States Court of Appeals
### For the Eighth Circuit
_____

No. 20-2921
_____

Jorge Alexis Ramos-Melendez; Lilian Yumary Madrid Zavala;
Alexa Valentina Ramos Madrid

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: June 30, 2021
Filed: July 8, 2021
[Unpublished]
_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.
_____

PER CURIAM.

Honduran natives and citizens Jorge Ramos-Melendez, individually, and Lilian Yumary Madrid Zavala, individually and on behalf of their minor daughter Alexa Valentina Ramos Madrid, petition for review of an order of the Board of Immigration Appeals (BIA). An immigration judge denied their applications for asylum,

withholding of removal, and protection under the Convention Against Torture (CAT), and the BIA dismissed their appeal from that decision.

The BIA concluded Petitioners waived review of their claims for withholding of removal and protection under the CAT. Petitioners do not challenge that determination; we therefore may not review those claims. See 8 U.S.C. § 1252(d)(1); Chak Yiu Lui v. Holder, 600 F.3d 980, 984 (8th Cir. 2010); Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).

As for their asylum claims,[1] we conclude the agency did not err in denying relief. See § 1158(b)(1) (asylum eligibility requirements); De Castro-Gutierrez v. Holder, 713 F.3d 375, 379 (8th Cir. 2013) (standard of review). They proposed the following two particular social groups to the immigration judge: "Witnesses of crimes or victims/close family members of victims of crimes by the gang members," and "Educated middle-class professionals of Honduras, which the Mara 18 gang perceives to have the means of paying extortion money." They attempt to narrow their first particular social group to "witnesses of serious crimes," but we lack jurisdiction to review this narrowed group. See Baltti v. Sessions, 878 F.3d 240, 244-45 (8th Cir. 2017) (per curiam). The agency properly concluded their first particular social group, as originally defined, was not cognizable because it lacked particularity and social distinction. See Miranda v. Sessions, 892 F.3d 940, 941-42, 943 (8th Cir. 2018); Ngugi v. Lynch, 826 F.3d 1132, 1137-38 (8th Cir. 2016); Constanza v. Holder, 647 F.3d 749, 752-54 (8th Cir. 2011) (per curiam). We also discern no error in the agency's conclusion that their second particular social group was not cognizable. See Matul-Hernandez v. Holder, 685 F.3d 707, 712-13 (8th Cir. 2012); cf. Davila-Mejia v. Mukasey, 531 F.3d 624, 629 (8th Cir. 2008). Because

---

[1]Alexa was a derivative applicant on her mother's asylum application. See 8 U.S.C. § 1158(b)(3)(A) (child may be granted asylum if accompanying principal noncitizen was granted asylum).

these conclusions are dispositive of Petitioners' asylum claims, we do not reach the issue of whether internal relocation was reasonable.  See Gonzalez Cano v. Lynch, 809 F.3d 1056, 1059 (8th Cir. 2016).

Accordingly, we deny the petition for review.

_____