# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-1254

_____

Pedro Mejia

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: July 22, 2021
Filed: July 27, 2021
[Unpublished]

_____

Before LOKEN, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Guatemalan native and citizen Pedro Mejia petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed his appeal from an immigration judge's decision denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

As a preliminary matter, we conclude this court's precedent forecloses Mejia's argument, based on Pereira v. Sessions, 138 S. Ct. 2105 (2018), that the immigration court never acquired jurisdiction over his proceedings because his Notice to Appear was deficient. See Ali v. Barr, 924 F.3d 983, 985-86 (8th Cir. 2019). Moreover, to the extent Mejia intended to seek review of the denial of his asylum application, we may not review that challenge. He conceded during his counseled proceedings before the immigration judge that his application was untimely, the immigration judge found that it was untimely, and the BIA concluded he waived the claim by not challenging it on appeal. See Chak Yiu Lui v. Holder, 600 F.3d 980, 984 (8th Cir. 2010). Even if he had exhausted the claim, we would lack jurisdiction to review it. See 8 U.S.C. §§ 1158(a)(3); Purwantono v. Gonzales, 498 F.3d 822, 823-24 (8th Cir. 2007).

We further conclude substantial evidence supports the denial of withholding of removal, as Mejia failed to establish by a clear probability that his life or freedom would be threatened in Guatemala because of a protected ground. See 8 U.S.C. § 1231(b)(3)(A); Silvestre-Giron v. Barr, 949 F.3d 1114, 1117, 1119 & n.3 (8th Cir. 2020) (standard of review). The agency determined Mejia failed to demonstrate the requisite nexus because his aggressors were motivated by monetary gain, not by his indigenous race or proposed particular social groups. The record does not compel a contrary conclusion. See Garcia-Moctezuma v. Sessions, 879 F.3d 863, 868-69 (8th Cir. 2018); Marroquin-Ochoma v. Holder, 574 F.3d 574, 577 (8th Cir. 2009). Because this determination provided a sufficient basis for denying Mejia's withholding of removal claim, we do not consider his other arguments. See Baltti v. Sessions, 878 F.3d 240, 245 (8th Cir. 2017) (per curiam). Finally, we discern no error in the agency's denial of CAT protection because Mejia based his claim on the same facts as his other claims. See Ming Ming Wijono v. Gonzales, 439 F.3d 868, 874 (8th Cir. 2006).

Accordingly, we deny the petition for review.

_____