# United States Court of Appeals
## For the Eighth Circuit

————————————————

No. 21-3383

————————————————

Manuel Luis-Tino

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*

————————

Petition for Review of an Order of the
Board of Immigration Appeals

————————

Submitted: June 6, 2022
Filed: June 9, 2022
[Unpublished]

————————

Before COLLOTON, GRUENDER, and BENTON, Circuit Judges.

————————

PER CURIAM.

Manuel Luis-Tino, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals (BIA). Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

The BIA dismissed the appeal from the decision of an immigration judge denying asylum, withholding of removal, protection under the Convention Against

Torture (CAT), and termination of the proceedings under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018).

Luis-Tino challenges the agency's jurisdiction over his removal proceedings, which is foreclosed by this court's precedent. *See Ali v. Barr*, 924 F.3d 983, 985-86 (8th Cir. 2019); *see also Tino v. Garland*, 13 F.4th 708, 709 n.2 (8th Cir. 2021) (per curiam). The denial of Luis-Tino's challenge to his asylum claim cannot be reviewed, as he conceded during his counseled proceedings that his application was inexcusably untimely, and he did not contest the timeliness in his BIA appeal. *See* 8 U.S.C. § 1158(a)(2); *Chak Yiu Lui v. Holder*, 600 F.3d 980, 984 (8th Cir. 2010) (this court is without jurisdiction, or precluded from reviewing, issue not raised to the BIA). The denial of the CAT claim also cannot be challenged, as the BIA concluded Luis-Tino failed to challenge the immigration judge's denial of CAT relief, and he does not contest the BIA's determination in this court. *See* 8 U.S.C. § 1252(d)(1) (administrative-exhaustion requirement); *Baltti v. Sessions*, 878 F.3d 240, 244 (8th Cir. 2017) (per curiam) (noncitizen must not only pursue all stages of administrative review, but also raise all issues before agency); *Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (claim not raised in opening brief is deemed waived).

As to Luis-Tino's withholding of removal claim, substantial evidence supports the agency's determination that he failed to demonstrate the required nexus, and a reasonable factfinder could conclude that any claimed past or feared future harm was or would be motivated by the extortionist's monetary gain, not by membership in his proposed particular social group. *See Tojin-Tiu v. Garland*, No. 21-2269, 2022 WL 1493466, at *2 (8th Cir. May 12, 2022); *Silvestre-Giron v. Barr*, 949 F.3d 1114, 1117-19, 1119 n.3 (8th Cir. 2020). That determination disposes of his claim. *See Baltti*, 878 F.3d at 245.

The petition for review is denied. *See* 8th Cir. R. 47B.

_____