# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2301

_____

Rosa Maria Paz,                        *
                                       *
            Petitioner,                *
                                       *   Petition for Review of
      v.                               *   an Order of the Board of
                                       *   Immigration Appeals
John Ashcroft, United States           *
Attorney General,                      *   [Unpublished]
                                       *
            Respondent.                *

_____

Submitted: October 29, 2004
     Filed:   November 24, 2004

_____

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

      Rosa Maria Paz, a Guatemalan citizen, petitions for review of an order of the Board of Immigration Appeals (BIA) denying her motions to reopen and for reconsideration, in which she contended that she had been denied due process in her asylum proceedings because her counsel had been ineffective. For reversal, she argues that her counsel's suspension from practicing law showed per se that she was prejudiced by counsel's representation, and she points out numerous deficiencies by counsel to show further prejudice. For the reasons discussed below, we deny the petition.

We review for abuse of discretion denials of motions to reopen and for reconsideration, see De Jimenez v. Ashcroft, 370 F.3d 783, 790 (8th Cir. 2004) (motion for reconsideration); Nativi-Gomez v. Ashcroft, 344 F.3d 805, 807 (8th Cir. 2003) (motion to reopen), and we find none here because Paz did not show that she was prejudiced by Burns's representation. See Nativi-Gomez, 344 F.3d at 807 (noting that alien in deportation proceeding has no Sixth Amendment right to counsel but does have due process rights, and that some courts have found ineffective assistance of counsel as basis for due process violation, but the court did not decide the question); Ortiz v. INS, 179 F.3d 1148, 1153 (9th Cir. 1999) (due process challenges to deportation proceedings require showing of prejudice to succeed; prejudice is found when counsel's performance was so inadequate that it may have affected outcome of proceedings). Paz's asylum application was originally denied because she showed no nexus between her alleged past persecution and her political opinion, imputed or otherwise; and when moving to reopen and for reconsideration, Paz again showed no evidence of a nexus.

Additionally, we disagree with Paz that an attorney's suspension shows prejudice per se, cf. United States v. Ross, 338 F.3d 1054, 1056 (9th Cir. 2003) (per curiam) (attorney's bar status is not dispositive of Sixth Amendment ineffective-assistance claim), cert. denied, 124 S. Ct. 1187 (2004); and we are not persuaded by the examples Paz has given of how she was prejudiced by counsel's representation. For example, Paz's application, although initially incomplete, was completed by the immigration judge at the hearing; pictures of Paz's home burning were submitted at hearing; and the assistant mayor's letter was read into the record at the hearing. Further, Paz fails to explain how witness testimony (which she does not specify) and her mother's letter could have changed the outcome of the asylum proceedings; and even if counsel made no objections or a closing argument at the hearing, it was not a formal trial subject to evidentiary rules, see Henry v. INS, 74 F.3d 1, 6 (1st Cir. 1996) (traditional rules of evidence do not apply in immigration hearings).

-2-

Accordingly, we deny the petition.

_____