# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1977

_____

Henry Eduardo Sandoval-Loffredo,    *
                        *

        Petitioner,            *
                        *   Petition for Review of an

      v.                   *   Order of the Board of
                        *   Immigration Appeals.

Alberto Gonzales,[1] Attorney General   *
of the United States,           *
                        *

        Respondent.          *

_____

Submitted: February 18, 2005
Filed: July 13, 2005

_____

Before MORRIS SHEPPARD ARNOLD, BOWMAN, and GRUENDER, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Petitioner Henry Eduardo Sandoval-Loffredo seeks review of an order by the Board of Immigration Appeals, which affirmed, without opinion, the decision of an immigration judge terminating Mr. Sandoval's permanent resident status, denying his admission to the United States, and ordering him removed to Ecuador. Mr. Sandoval argues that the IJ erred in classifying him, a lawful permanent resident of this country,

_____

[1] Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as the respondent pursuant to Fed. R. App. P. 43(c).

as an alien seeking admission to the United States. We disagree and therefore deny the petition for review.

Mr. Sandoval, a native and citizen of Ecuador, is married to a United States citizen and has been a lawful permanent resident of this country since 1996. He traveled to Canada in September of 2000 where he met with some of his relatives, including his brother, Richard. On September 4, 2000, Mr. Sandoval and Richard drove together to the Pembina, North Dakota, port of entry on the United States-Canadian border. Once there, the brothers sought entry into the United States: Mr. Sandoval did so as a returning lawful permanent resident, and his brother, a citizen of Ecuador, falsely claimed United States citizenship.

The former Immigration and Naturalization Service (INS)[2] issued Mr. Sandoval a notice to appear, charging him with being inadmissible as an alien who "knowingly ... encouraged, induced, assisted, abetted, or aided" another alien to enter the United States in violation of law, 8 U.S.C. § 1182(a)(6)(E)(i). The IJ found that Mr. Sandoval knew that his brother was going to claim to be a United States citizen, and that he assisted his brother's attempted illegal entry by telling the initial immigration inspector that his brother was a citizen; Mr. Sandoval challenges both of these findings.

Mr. Sandoval argues that because he is a permanent legal resident, he cannot be classified as inadmissible unless the government first proves by clear, convincing, and unequivocal evidence that he was properly regarded as an applicant for admission under 8 U.S.C. § 1101(a)(13)(C). That section provides that "[a]n alien lawfully admitted for permanent residence in the United States shall not be regarded as [an applicant for admission] unless the alien," *inter alia*, "has engaged in illegal activity

---

[2]In March, 2003, the functions of the INS were transferred to the newly formed Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (Nov. 25, 2002).

after having departed the United States." *Id.* In essence, this statute states a general rule that an alien lawfully admitted for permanent residence who is seeking to return to the United States, such as Mr. Sandoval, is not regarded as an applicant for admission, and then lists exceptions to this rule. *See In re Collado*, 21 I. & N. Dec. 1061, 1064 (BIA 1998). Here, Mr. Sandoval argues that it was the INS's burden to establish that he falls within the exception for aliens who have engaged in illegal activity after their departure from the United States and that it has failed to meet this burden. The INS asserts that the burden of proof rests in all respects on Mr. Sandoval.

The question of whether an alien is an applicant for admission is important because such applicants must demonstrate that they are "clearly and beyond doubt entitled to be admitted and [are] not inadmissible under section 1182." 8 U.S.C. § 1229a(c)(2)(A); *see also* 8 C.F.R. § 1240.8(b). Applicants for admission thus have the burden of proving, among other things, that they do not fall within the subsection of § 1182 that designates as "inadmissible" any alien who has assisted another alien in an attempt to enter the United States illegally. *See* 8 U.S.C. § 1182(a)(6)(E)(i). In stark contrast, if a lawful permanent resident is not classified as an applicant for admission, the burden is on the INS to prove by clear and convincing evidence that he or she is deportable. *See* 8 U.S.C. § 1229a(c)(3)(A); *see also* 8 C.F.R. § 1240.8(a).

Mr. Sandoval argues that the INS must prove by clear, convincing, and unequivocal evidence that a returning resident alien is an applicant for admission. Section 1101(a)(13)(C) does not say whether the INS has the burden of proving (by clear and convincing evidence or otherwise) that a returning resident alien falls within one of its exceptions and is therefore an applicant for admission, or whether the returning resident instead must prove that no exception applies. But we need not address that question because here the IJ in fact applied the legal standard for which Mr. Sandoval argues.

We note that the alleged "illegal activity" that would cause Mr. Sandoval to be an applicant for admission under § 1101(a)(13)(C)(iii) is the same activity that formed the basis for the INS charge that he is inadmissible under § 1182(a)(6)(E)(i): assisting another alien (his brother) to attempt to enter the United States illegally. And the IJ found that the INS had demonstrated that Mr. Sandoval engaged in this illegal activity. She concluded that the INS "established by clear, convincing, and unequivocal evidence that [Mr. Sandoval] is removable as charged" and that "[t]he INS ha[d] proven ... that [Mr. Sandoval] sought to bring his brother Richard into the United States in violation of the immigration laws." *Cf.* 8 U.S.C. § 1324(a)(2). Accordingly, any putative error that the IJ made regarding the burden of proof inured to Mr. Sandoval's favor and cannot supply a basis for reversal.

The only remaining inquiry is whether the IJ's findings, including its credibility determinations, are supported by the record. We review the IJ's findings of fact, including adverse credibility findings, under the deferential substantial evidence standard, and must treat those findings as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We noted above that the IJ concluded that the underlying burden of proof required the former INS to establish by "clear, convincing, and unequivocal evidence" that Mr. Sandoval is removable. Assuming, without deciding, that this is correct, we are required to take this burden into account when reviewing the record. Therefore, our task is to determine whether substantial evidence supports a finding that clear, convincing, and unequivocal evidence established that Mr. Sandoval sought to bring his brother into the United States in violation of the immigration laws. *Cf. Nakamoto v. Ashcroft*, 363 F.3d 874, 881-82 (9th Cir. 2004).

The record adequately supports the IJ's conclusion that Mr. Sandoval should be removed to Ecuador. Mr. Sandoval argues that the IJ erred in rejecting his testimony that he did not know that his brother planned to claim United States citizenship and that he simply thought that his brother was planning to seek some sort

of entry permit at the border. He notes that this testimony is consistent with an affidavit by his brother (prepared specifically for submission at Mr. Sandoval's removal hearing) in which his brother stated that Mr. Sandoval did not tell United States immigration officers that his brother was a citizen of this country and that Mr. Sandoval did not know that his brother was going to claim to be a United States citizen.

The self-serving testimony of Mr. Sandoval and his brother's affidavit are not consistent, however, with the testimony of United States Immigration Inspectors Lawrence McFadden and David Montoya and the sworn statement that Richard made to Inspector Montoya immediately following the incident. Inspector McFadden testified that upon arriving at the primary inspection, Mr. Sandoval claimed that his passenger, Richard, was a United States citizen. This testimony is consistent with a report documenting the incident. Furthermore, in a sworn statement taken from Richard by Inspector Montoya immediately after the incident, Richard indicated that Mr. Sandoval knew of his plan and was reluctant to help him because it could cause him to lose his permanent resident status. This evidence significantly undermines Mr. Sandoval's claims and constitutes substantial evidence supporting the IJ's conclusion that there was clear, convincing, and unequivocal evidence that Mr. Sandoval was engaged in illegal activity.

Accordingly, we deny the petition for review.

_____