# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3208

_____

| | |
|---|---|
| Larissa Nikolvevna Desna, | * |
| | * |
| Petitioner, | * |
| | * Appeal from the Board of |
| v. | * Immigration Appeals. |
| | * |
| Alberto Gonzales, Attorney General | * |
| of the United States, | * |
| | * |
| Respondent. | * |

_____

Submitted: May 18, 2006
Filed: July 21, 2006

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

The Immigration Judge and Board of Immigration Appeals denied the application of Larissa Nikolvevna Desna for asylum, withholding of deportation, and protection under the Convention Against Torture. This court affirms.

Desna, born in the Ukraine, is a citizen of Russia. She entered the United States in September 1999 on a P visa. *See* **8 U.S.C. § 1101(a)(15)(P)**.

Desna applied for asylum on September 1, 2000, filling out the application herself. She wrote that she is scared to return to Russia, because she was in "constant

fear for my life for persecution by the members of organized crime [and] corrupt militia officers who worked for them." She said that she lost everything due to the persecution—her job, family, and home. She further indicated that, if she were to return to Russia, she fears being tortured, explaining that "I was subjected to torture, sexual and psychological abuse prior to fleeing my home country. Because they are capable of everything." She further stated that she would be kidnapped, tortured, and then killed if she returned.

Desna claims that her ethnicity is Jewish. However, in the asylum application, she described her racial or ethnic group as "white." She also checked "no" to the question: "Have you or any member of your family ever belonged to or been associated with any organizations or groups in your home country, such as, but not limited to, a . . . religious organization, . . . [or] ethnic group . . . ?"

In January 2004, Desna testified that she faced discrimination in the Ukraine and Russia because of her ethnicity. For example, she stated that she was raped by three men in the Ukraine when she was 17. As she was walking outside, the men approached her in a car, and one of them said "this is a stinking Jew walking." The men forced her into the car, took her to an apartment, and raped her. She testified she received medical attention three months later, after feeling a strong pain in her left side. The doctor told her that her uterus had shifted and that she could not have children.

After graduating from high school, she moved to Moscow. She testified that in 1996, police officers stopped her on the street. They told her she looked Churka,[1] not Russian. They asked her to get into their car so that they could check her papers at the station. There, a supervisor suggested that she spend an evening with him to

---

[1]According to Desna, "Churka" is a derogatory term for Tartars or people from the Caucasus region.

resolve the matter. When Desna refused, he ordered two assistants to beat her. After beating her with rubber batons, they put her in jail, later releasing her after she paid a small fine.

She testified that in 1998, two police officers again stopped her on the street. When they saw her passport, one officer said "look at her, she is caucasian and cannot be Ukrainian nationality." They followed her home, where they beat her with their hands and jumped on her.

Finding Desna's testimony not credible, the IJ denied all her claims for relief. The IJ also ordered removal to the Ukraine, or in the alternative, to Russia. The BIA affirmed.

This court reviews the factual findings underlying the BIA's denial of an appeal under the substantial evidence standard, *Regalado-Garcia v. INS*, 305 F.3d 784, 787 (8th Cir. 2002), and reverses only if "a reasonable factfinder would have to conclude that the requisite fear of persecution existed." **INS v. Elias-Zacarias**, 502 U.S. 478, 481 (1992); *see also* **Ibrahim v. Gonzales**, 434 F.3d 1074, 1078 (8th Cir. 2006).

To be eligible for asylum, an applicant must show "persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." **8 U.S.C. § 1101(a)(42)**. An applicant who has suffered past persecution is entitled to a rebuttable presumption of infliction of future persecution. *See* **Eusebio v. Ashcroft**, 361 F.3d 1088, 1090 (8th Cir. 2004).

The BIA's denial of relief was based on the IJ's finding that Desna is not credible. The IJ stated:

Simply put, this Court does not believe the respondent's claim that she is Jewish or that she was harmed for the reasons she claimed. She has failed to present objective, credible information to support her claim that she is Jewish, that her father is Jewish, that she was raped in the Ukraine, or that she was beaten in Russia. She has failed to meet her burden of proof. Accordingly, as a result of this adverse credibility finding, the Court will deny all applications for relief.

This court will uphold this credibility finding "if supported by specific, cogent reasons for disbelief." **Eta-Ndu v. Gonzales**, 411 F.3d 977, 982 (8th Cir. 2005), *citing* **Perinpanathan v. INS**, 310 F.3d 594, 597 (8th Cir. 2002).

The credibility determination is supported by at least two specific, cogent reasons for disbelief. First, Desna's asylum application is inconsistent with her claim that she is Jewish.[2] Most important, she checked "no" to the question whether she or anyone in her family had ever been associated with a religious organization or ethnic group. In addition, she stated that her racial or ethnic group is "white," without specifying anywhere in the application that she is Jewish. Finally, Desna does not mention any ethnicity when describing the alleged mistreatment in her application.

Second, after testifying that she would soon receive medical records corroborating her sexual assault in the Ukraine, Desna failed to produce them. At the January 2004 hearing, she testified that her mother had mailed the documents to her a week or two earlier. But when the IJ issued her written decision two months later, the documents still were not in the record.

Desna's assertion of mistreatment rests entirely on her testimony; no other evidence supports those assertions. Although an applicant can satisfy the burden of proof with credible testimony alone, *see* 8 C.F.R. § 208.13, the IJ properly found that

---

[2]Desna testified that she was able to read and understand the questions in the application.

Desna's testimony is not credible. A reasonable factfinder thus could conclude that the requisite fear of persecution does not exist. Therefore, the BIA's judgment is affirmed with respect to Desna's application for asylum. *See Sheikh v. Gonzales*, 427 F.3d 1077, 1081 (8th Cir. 2005) (adverse credibility determination as to core of persecution testimony is dispositive of asylum claim); *Jalloh v. Gonzales*, 423 F.3d 894, 898-99 (8th Cir. 2005) (IJ properly determined that petitioner was not credible because his testimony was inconsistent with his asylum application, and he failed to provide corroborating medical records); *Ismail v. Ashcroft*, 396 F.3d 970, 974 (8th Cir. 2005) (upholding adverse credibility finding based on inconsistencies in petitioner's statements).

To show eligibility for withholding of removal, an applicant must meet an even higher standard. "Before the government will grant withholding, the alien must present evidence to establish that it is 'more likely than not that the alien would be subject to persecution on one of the specified grounds.'" *Tawm v. Ashcroft*, 363 F.3d 740, 744 (8th Cir. 2004), *quoting INS v. Stevic*, 467 U.S. 407, 429-30 (1984). Because Desna failed to carry the burden of proof for asylum, she is also ineligible for withholding. *See id.*; *see also Habtemicael v. Ashcroft*, 370 F.3d 774, 780 (8th Cir. 2004).

To get relief under the Convention Against Torture, Desna must show it is more likely than not that she would she tortured if removed. **8 C.F.R. § 208.16(c)(2)**. Because her CAT claim is based on the same discredited testimony, the BIA properly concluded that the adverse credibility finding is also fatal to that claim. *See Alemu v. Gonzales*, 403 F.3d 572, 576 (8th Cir. 2005).

Finally, Desna argues that her due process rights were violated by ineffective assistance of counsel and that the BIA abused its discretion in denying her motion to remand due to the ineffective assistance. *See generally Jamieson v. Gonzales*, 424 F.3d 765, 768 (8th Cir. 2005). However, because the inconsistencies between Desna's

asylum application and her testimony about ethnicity are not attributable to her attorney, she cannot demonstrate prejudice and therefore cannot demonstrate ineffective assistance. *See Briones-Sanchez v. Heinauer*, 319 F.3d 324, 327 (8th Cir. 2003) ("In order to succeed on a due process claim, an alien must prove that he was actually prejudiced by the lack of process afforded to him."); *Paz v. Ashcroft*, 113 Fed. App'x 736 (8th Cir. 2004) (unpublished opinion) (affirming BIA's denial of motion to reopen for ineffective assistance of counsel because applicant was not prejudiced).

The petition for review is denied.

_____