Emiliano CHAVEZ–GONZALEZ,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–74255.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2006.

Filed Dec. 11, 2006.

Soren M. Rottman, Esq., Northwest Immigrant Rights Project, Granger, WA, Matthew H. Adams, Esq., Northwest Immigrant Rights Project, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Christopher Lee Pickrell, Esq., Rebecca Shapiro Cohen, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: RYMER, BERZON, and TALLMAN, Circuit Judge.

## MEMORANDUM *

Emiliano Chavez–Gonzalez appeals from a Board of Immigration Appeals ("BIA") final order of removal. Pursuant to section 106(c) of the REAL ID Act of 2005, Pub.L. No. 109–13, Div. B, 119 Stat. 231, 311, Chavez–Gonzalez's petition for a writ of habeas corpus was transferred from the district court to this court as a petition for direct review. *See Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1052–53 (9th Cir. 2005). Chavez–Gonzalez alleges that the BIA unlawfully sustained the charge of inadmissibility under 8 U.S.C. § 1182(a)(2)(C) based solely on the contents of a "Record of Deportable/Inadmissible Alien" ("Form I–213"). In addition, he claims violations of his statutory and constitutional due process rights.

■ The BIA determined that Chavez–Gonzalez was removable because immigration officers at the border had "reason to believe" that he knowingly participated in

drug smuggling. *See* 8 U.S.C. § 1182(a)(2)(C). Although the REAL ID Act restores this court's jurisdiction over questions of law regardless of the underlying offense, *see id.* § 1252(a)(2)(D), Chavez–Gonzalez's sufficiency challenge does not raise a legal question and therefore we cannot consider this claim, *id.* § 1252(a)(2)(C).

■ As to Chavez–Gonzalez's due process claims, it is unclear whether he properly exhausted these claims before the BIA; if he did not, this court lacks jurisdiction to review them on appeal. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004). However, assuming Chavez–Gonzalez exhausted his administrative remedies, he has not established the requisite prejudice to sustain his due process claims. Because Chavez–Gonzalez conceded during his testimony that he made the statements memorialized in the Form I–213, cross-examining the officer who prepared the document would not "potentially ... affect[ ] the outcome of the proceedings." *See Zolotukhin v. Gonzales,* 417 F.3d 1073, 1077 (9th Cir.2005) (internal quotation marks and emphasis omitted).

The petition for review is **DISMISSED** in part and **DENIED** in part.

BERZON, Circuit Judge, concurring:

The majority decides, in effect, that there was sufficient evidence to establish "reason to believe" that Chavez–Gonzales had engaged in illicit drug trafficking. Only by reaching that conclusion could the court justify its assertion that we lack jurisdiction over the sufficiency issue on the merits. *See* 8 U.S.C. § 1252(a)(2); *Lopez–Molina v. Ashcroft,* 368 F.3d 1206, 1209 (9th Cir.2004) (concluding that the "reason to believe" standard for exclusion

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

satisfies the jurisdictional bar for aliens who are removable because of "having committed" certain offenses).

I concur with the following observation: There is a legal burden of proof issue over which we do have jurisdiction, embedded in the sufficiency of evidence question. Under 8 U.S.C. § 1101(a)(13)(C), a legal permanent resident (LPR) is considered an applicant for admission if he "has engaged in illegal activity after having departed the United States ... [or] has committed an offense identified in section 212(a)(2)...." This case raises the question of whether the burden of proof under 8 U.S.C. § 1101(a)(13)(C) is on the government (as for questions of deportability, 8 U.S.C. § 1229a(c)(3)) or on the alien (as for questions of admissibility. 8 U.S.C. § 1229a(c)(2)).

The legal question is a substantial one, as the answer to this question can be determinative as to whether an alien loses his or her LPR status for purposes of determining his admissibility. This court has never directly addressed the burden of proof question, *see Lopez–Molina v. Ashcroft*, 368 F.3d 1206 (9th Cir.2004); *Alarcon–Serrano v. INS*, 220 F.3d 1116 (9th Cir.2000), nor, as far as I can tell, has the Board of Immigration Appeals or any other court of appeals. *See Sandoval–Loffredo v. Gonzales*, 414 F.3d 892, 894 (8th Cir.2005) (recognizing but not deciding the issue).

Significantly, Chavez–Gonzales does not address whether the *substantive* standard applicable here is whether there was "reason to believe" that he was a drug trafficker. I recognize that this court has imported the "reason to believe" standard into the jurisdictional bar for certain criminal aliens even though it does not appear there. *Lopez–Molina*, 368 F.3d at 1209; *Alarcon–Serrano*, 220 F.3d at 1119–20. I do not find the reasoning of *Lopez–Molina* or *Alarcon–Serrano* convincing, for the reasons stated in Judge Tashima's dissent in *Lopez–Molina*, 368 F.3d at 1212. While we are nonetheless bound by those two decisions, I would not import their reasoning into the separate statutory question of whether an LPR loses that status because a border official or an immigration judge reasonably believes he has committed a drug trafficking offense. Section 1101(a)(13)(C) uses the terms "has engaged" and "has committed," not the looser term "has reason to believe." I find it very hard to believe that Congress intended a legal permanent resident to be barred from admission because there was "reason to believe" that he was a drug trafficker even if he was not—particularly when Congress used language inconsistent with that conclusion.

This tricky substantive issue, however, has not been raised or briefed in this case; instead, both parties appear to assume that the "reason to believe" standard applies. As a result, I do not think the burden of proof matters. Even if the government bears the burden, and even if that burden must be met by "clear and convincing" evidence, that burden is met by Chavez–Gonzales's statements at the border—*if* all that needs to be proven is "reason to believe."

I therefore concur, while noting that there are thorny issues lurking here that will need to be resolved in other cases.