# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3187
_____

Curtis Leonard Fraser

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: June 10, 2015
Filed: July 31, 2015

_____

Before LOKEN, BYE, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

## I. Background

In July 2003, Curtis Leonard Fraser, a native and citizen of Canada, married a United States citizen. In January 2006, his wife filed an I-130 Petition for Alien Relative to adjust Fraser's status based on their marriage, and Fraser filed an I-485 Application to Register Permanent Residence or Adjust Status. The petition and

application were granted in September 2007 by United States Citizenship and Immigration Services. In November 2007, however, the Department of Homeland Security (DHS) determined that Fraser's application had been approved in error. The DHS believed that in 1991, before entering the United States, Fraser had been convicted in Canada of possession of cocaine for the purpose of trafficking. DHS accordingly issued a Notice to Appear.

In July 2010, Fraser appeared before the Immigration Judge (IJ) pursuant to the Notice to Appear. To prove the prior conviction, the government provided a Trial Disposition from Canada dated March 22, 1991, as well as an Information dated April 26, 1990. The Information identified the offense charged as possession of cocaine for the purpose of trafficking. The Trial Disposition referred to an attached indictment on which Fraser had been arraigned, but the Trial Disposition did not identify the offense to which Fraser pleaded guilty and for which he was sentenced. The government did not produce a document with the title "Indictment." After a continuance, the government addressed this deficiency by providing the IJ with a copy of the section of the Canadian Criminal Code that defines "indictment" to include an "information."

The IJ then concluded that the documentation presented, in combination, proved by clear and convincing evidence that Fraser had been convicted in Canada of possession of cocaine for the purpose of trafficking before his entry into the United States. The IJ determined that Fraser was therefore inadmissible at the time of his adjustment of status in 2007, see 8 U.S.C. § 1182(a)(2)(A)(i)(II) ("[A]ny alien convicted of . . . a violation of (or a conspiracy or attempt to violate) any law or regulation of . . . a foreign country relating to a controlled substance (as defined in section 802 of title 21), is inadmissible."), and deportable under 8 U.S.C. § 1227(a)(1)(A) (An "alien who at the time of entry or adjustment of status was . . . inadmissible by the law existing at such time is deportable.").

Fraser moved to terminate his removal proceedings on the grounds that the government failed to prove the prior drug conviction, and to adjust his status to become a lawful permanent resident. The IJ denied the motion, and also denied Fraser's motion to reconsider, thereby sustaining the charge of removability and finding that Fraser was not eligible for adjustment of status. The BIA dismissed Fraser's appeal. Fraser seeks review of the BIA's dismissal of his appeal of the IJ's decisions. Having jurisdiction under 8 U.S.C. § 1252, we deny the petition.

## II. Discussion

The issue[1] on appeal is "whether substantial evidence supports a finding that clear, convincing, and unequivocal evidence established" Fraser had a Canadian conviction for possession of cocaine for the purpose of trafficking. See Sandoval-Loffredo v. Gonzales, 414 F.3d 892, 895 (8th Cir. 2005); see also 8 U.S.C. § 1229a(c)(3)(A) (The government bears the burden of proving an alien is deportable by "clear and convincing evidence."). "We review the IJ's findings of fact . . . under the deferential substantial evidence standard, and must treat those findings as

_____

[1]Fraser also argues on appeal that he should be allowed to adjust status because "he received a pardon for [an] alleged, but unproven, 19-year-old conviction." The only argument Fraser offers in support of this assertion, however, is an Equal Protection challenge. He argues treating his "full and unconditional pardon" from the Canadian government differently than a "full and unconditional pardon by the President of the United States" for immigration purposes violates his rights to Equal Protection. See 8 U.S.C. § 1227(a)(2)(A)(vi) (waiver available in the case of certain prior convictions "if the alien subsequent to the criminal conviction has been granted a full and unconditional pardon by the President of the United States or by the Governor of any of the several States"). Because Fraser failed to exhaust his administrative remedies as to this argument by raising it before the agency, we lack jurisdiction to address this issue on appeal. Constanza v. Holder, 647 F.3d 749, 754 n.3 (8th Cir. 2011) ("Failure to raise an issue before the agency constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the matter." (quoting Sultani v. Gonzales, 455 F.3d 878, 884 (8th Cir. 2006))).

'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Sandoval-Loffredo, 414 F.3d at 895 (quoting 8 U.S.C. § 1252(b)(4)(B)). In reviewing the IJ's decision, we are required to take into account the government's burden of proving Fraser's conviction. Id. There must be substantial evidence to support the IJ's finding that the government met its burden of proving Fraser's conviction by clear, convincing, and unequivocal evidence. Id.

The primary evidence presented to the IJ to prove the disputed conviction included the Information and Trial Disposition. The government presented certified copies from the Canadian courts of both of these documents. See 8 U.S.C. § 1229a(c)(3)(B) (stating that a certified copy of certain documents or records "shall constitute proof of a criminal conviction" for purposes of removal proceedings); see also 8 C.F.R. § 287.6(d) (setting forth the appropriate procedure by which a record is certified by a Canadian governmental entity). Fraser nevertheless asserts that these records were insufficient to prove he had been convicted of an offense that rendered him inadmissible. First, the Information was filed in Saskatchewan. The Trial Disposition, in contrast, was filed in Manitoba. Thus, Fraser argues there is not sufficient evidence to support the conclusion that the two documents refer to the same case. Second, the Trial Disposition refers to an "indictment," and the government only provided the IJ with the Information. Without the referenced indictment, Fraser asserts, we cannot know what offense he actually pleaded guilty to, since the Trial Disposition is silent on this issue. Finally, the Information was the only document presented to the IJ that specified cocaine as the drug involved in the conviction.[2] Had

---

[2]The Information dated April 26, 1990, states that on or about January 26, 1990, in Saskatchewan, Fraser and two others "unlawfully ha[d] in their possession a narcotic, to wit: Cocaine, for the purpose of trafficking, contrary to section 4(2) of the Narcotic Control Act." The Trial Disposition states that Fraser pleaded guilty to Count 1 and was sentenced to 20 months' imprisonment.

-4-

he been convicted of simple possession of marijuana, Fraser argues, he would be eligible for a waiver.  See 8 U.S.C. § 1182(h).

Fraser fails to acknowledge that the IJ looked to these documents in combination, not in isolation, when assessing whether the government had met its burden.  See 8 U.S.C. § 1229a(c)(3)(A).  While the Information and Trial Disposition were indeed filed in two different locations, they were identified with the same case number.[3]  In addition, as the IJ noted, the administrative record showed that the criminal charge described in the Information was transferred from Saskatchewan to Manitoba because Fraser was living in Manitoba at the time.  It is also true that the Trial Disposition refers to an indictment, not an information.  But the IJ relied on Canadian law, which defines "indictment" to include the following: "(a) information or a count therein, (b) a plea, replication or other pleading, and (c) any record."  The IJ thus accepted that the Canadian Information from Saskatchewan was the indictment referenced on the pre-printed Trial Disposition from Manitoba—again, both of which had the same case number.

The IJ also relied on these documents to determine what type of drug was involved in Fraser's prior conviction.  The Information specified that the offense involved cocaine; the Trial Disposition did not.  As we have noted, however, the IJ found that the Trial Disposition set forth the sentence for the charge listed in the Information, with both documents relating to a single conviction for possession of cocaine for the purpose of trafficking.  Fraser counters that on his I-485 Application

---

[3]Fraser points out that the copies of the Information and the Trial Disposition provided by the government have punch holes partially obstructing the case number. Yet he also states affirmatively that the copies of these same documents "[his] counsel submitted to the [IJ] . . . show[] the File Numbers clearly."  It is difficult to assign error to the IJ's conclusion regarding the case number on these documents when Fraser agrees that the documents he himself submitted cleared up any possible confusion.

(a document also in the administrative record), there are handwritten notes indicating that this 1991 conviction involved marijuana.[4] Yet this information is the only mention in the record of marijuana. Fraser points to no other document or testimony in the administrative record that suggests he had a prior marijuana conviction or that the 1991 conviction for a violation of the Narcotics Control Act involved possession of marijuana rather than possession of cocaine for the purposes of trafficking.[5]

Fraser also argues the IJ improperly relied on a police record and pardon documents to determine whether he had been convicted of an offense that made him inadmissible. Fraser asserts that these additional documents are not "documents or records" the statute identifies as ones that "shall constitute proof of a criminal conviction." 8 U.S.C. § 1229a(c)(3)(B); see also 8 C.F.R. § 1003.41(a). The IJ did consider an uncertified police record, which contained Fraser's name and identified a March 22, 1991, conviction for possession of a narcotic for the purpose of trafficking under section 4(2) of the Narcotic Control Act, for which he received a 20-month sentence. The IJ also considered documentation that showed Fraser received a pardon in Canada for a conviction for breach of the Narcotic Control Act with the

---

[4]According to counsel at oral argument, these notes would have been handwritten by the administrative officer in response to Fraser's answers to the questions on the I-485 form. Counsel asserts Fraser would have been under oath at the time he orally provided this information.

[5]Fraser overstates what the handwritten notes actually say when he describes them as identifying his prior arrest (and later conviction) as one for "possession of marijuana." The handwritten notes in the arrest section of the I-485 include the words "had marijuana." Fraser asks this court to conclude that this notation means he was arrested for possession of marijuana, but the notes are not so clear. In addition, at least one other document—the uncertified police record—expressly identified the 1991 conviction as one for possession of a narcotic for the purpose of trafficking. Thus, even if the 1991 conviction involved marijuana, other evidence in the record supported the conclusion that it was a drug trafficking conviction that rendered Fraser inadmissible. See infra.

same date and case number as the Information and the Trial Disposition.[6] The IJ determined that these documents contained information consistent with the information in the certified documents concerning Fraser's prior conviction, providing further support for the conclusion that Fraser had been convicted in Canada in 1991 for a violation of the Canadian drug trafficking laws.

While these additional documents were not of the type that "shall constitute proof of a criminal conviction" under the statute, the regulations allow that "[a]ny other evidence that reasonably indicates the existence of a criminal conviction may be admissible as evidence thereof." 8 C.F.R. § 1003.41(d).[7] Here, the IJ considered both certified documents or records under § 1003.41(a) and "other evidence that reasonably indicate[d] the existence of a criminal conviction." Id. Fraser points to nothing inherently unreliable about this "other evidence," other than the fact that the documents are not certified records. Lack of certification by itself, however, does not render the evidence per se inadmissible. See Francis v. Gonzales, 442 F.3d 131, 142 (police report was probative and thus admissible as "other evidence" under 8 C.F.R. § 1003.41(d)); see also 8 U.S.C. § 1229a(c)(3)(A) ("No decision on deportability shall be valid unless it is based on reasonable, substantial, and probative evidence.").

We agree with the IJ that neither the Information nor the Trial Disposition standing alone would be sufficient to prove by clear and convincing evidence that Fraser had a prior Canadian conviction for possession of cocaine for the purpose of trafficking. But these documents in combination, coupled with the Canadian statutory definition of indictment, the police record, and the pardon documents, convince us that there is substantial evidence in the record to support the IJ's conclusion. See Sandoval-Loffredo, 414 F.3d at 895–96.

---

[6]The documentation stated that the pardon was granted on February 22, 1999.

[7]Fraser does not challenge the validity of this regulation.

## III.  Conclusion

For the reasons above, we deny the petition for review.

_____