# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-1285

_____

Amardeep Singh, also known as Amardeep Simngh

*Petitioner*

v.

Loretta E. Lynch, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 10, 2015
Filed: October 14, 2015

_____

Before RILEY, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

_____

RILEY, Chief Judge.

Amardeep Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals (Board) affirming an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Singh also challenges the Board's rejection of his claim of ineffective assistance of counsel. We deny the petition for review.

## I.    BACKGROUND

In August 2011, Singh entered the United States near Hidalgo, Texas, without a valid visa or other entry document.  See 8 U.S.C. § 1182(a)(7)(A)(i)(I) (documentation requirements).  Singh is a Sikh and a member of the Shirmoani Akali Dal Amritsar party led by Sardar Simranjit Singh Mann (Mann Party).  When detained by the U.S. Department of Homeland Security (DHS), Singh asserted he feared persecution by the rival India Congress Party (Congress Party) if returned to India.  Singh told a DHS asylum officer that members of the Congress Party had twice beaten him for refusing to switch parties.  The officer found Singh had "a credible fear of persecution" for his political opinion and referred Singh's application for further consideration.  Id. § 1225(b)(1)(A)(ii), (B)(ii).

On September 9, 2011, DHS initiated removal proceedings.  Conceding removability, Singh applied for asylum, withholding of removal, and CAT protection.  See id. §§ 1158(b)(1)(A), 1231(b)(3)(A); 8 C.F.R. § 1208.16(c).  On March 21, 2012, the IJ continued Singh's removal hearing to permit Singh to obtain new counsel.  Singh's retained counsel did not attend the rescheduled removal hearing on November 13, 2012, despite a promise to do so, instead sending an unprepared associate to appear for Singh.  The IJ chastised counsel for not being ready to proceed, but granted another continuance—though shorter than counsel sought.

At the rescheduled hearing on December 5, 2012, Singh testified through an interpreter that he was a farmer in India and a low-level member of the Mann Party.  Singh reported he fled India for the United States because he feared persecution for his political views.  Singh again described two instances where he had been attacked and beaten by members of the Congress Party who told him to disavow the Mann Party and join the Congress Party.  Singh provided several documents to support his request for asylum.

On August 8, 2013, the IJ denied Singh's application and ordered him removed. Thoroughly examining the record, the IJ decided Singh was "not credible because his testimony contradicted information he gave at his [credible fear interview with the asylum officer] and because he was nonresponsive and evasive during cross-examination." The IJ found "[s]ome testimony was unbelievable" and some was "directly contradicted" by "the corroborating evidence," but all lacked sufficient record support.

The IJ alternatively found that, even if credible, Singh's accounts of minor beatings and short detentions did "not rise to the level of persecution." The IJ also found Singh failed to establish a well-founded fear of future persecution. Because Singh was not eligible for asylum and did not present evidence he would face torture for other reasons, the IJ concluded he could not establish an entitlement to withholding of removal or relief under the CAT.

With new counsel, Singh timely appealed to the Board, which denied relief. The Board agreed with the IJ that Singh was not credible and alternatively "that, assuming credibility, [Singh] did not demonstrate that he suffered past persecution or that he has a well-founded fear of future persecution based on the record evidence and country conditions in Punjab, India." In addition to upholding the IJ's decision on the merits, the Board rejected Singh's assertion he was prejudiced by his prior counsel's ineffective assistance. Singh petitions for review of the Board's order.

## II.    DISCUSSION
### A.    Standards of Review

We review the Board's "decision as the final agency action, but to the extent the [Board] adopts the findings of the IJ, this court reviews those findings as part of the final agency action." R.K.N. v. Holder, 701 F.3d 535, 537 (8th Cir. 2012). In evaluating Singh's petition, we review de novo his due process claim, see Zheng v. Holder, 698 F.3d 710, 714 (8th Cir. 2012), and any issues of law, see Ademo v.

Lynch, 795 F.3d 823, 828 (8th Cir. 2015). "We review the IJ's findings of fact, including adverse credibility findings, under the deferential substantial evidence standard, and must treat those findings as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Sandoval-Loffredo v. Gonzales, 414 F.3d 892, 895 (8th Cir. 2005) (quoting 8 U.S.C. § 1252(b)(4)(B)).

### B.    Credibility

"To qualify for asylum, [Singh] must show that he is unable or unwilling to return to his country of origin because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Nanic v. Lynch, 793 F.3d 945, 947 (8th Cir. 2015) (citing 8 U.S.C. §§ 1158(b)(1)(A), 1101(a)(42)(A)). Proof of past persecution gives rise to a rebuttable presumption of "a well founded fear of future persecution." Uli v. Mukasey, 533 F.3d 950, 955 (8th Cir. 2008).

Persecution "is an 'extreme concept' that involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of a protected characteristic." Malonga v. Holder, 621 F.3d 757, 764 (8th Cir. 2010) (quoting Sholla v. Gonzales, 492 F.3d 946, 951 (8th Cir. 2007)). It "does not include low-level intimidation and harassment." Zakirov v. Ashcroft, 384 F.3d 541, 546 (8th Cir. 2004). "In addition, persecution is a harm that is inflicted either by the government of a country or by persons or an organization that the government was unable or unwilling to control." Shaghil v. Holder, 638 F.3d 828, 834 (8th Cir. 2011) (quoting Menjivar v. Gonzales, 416 F.3d 918, 921 (8th Cir. 2005)) (internal marks omitted).

An applicant can prove persecution "without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). "An IJ may properly request evidence to

corroborate an alien's claims if his credibility is in question." Prokopenko v. Ashcroft, 372 F.3d 941, 945 (8th Cir. 2004). "[E]vidence of persecution that is 'insufficiently specific or imminent' does not establish persecution for an asylum claim." Litvinov v. Holder, 605 F.3d 548, 554 (8th Cir. 2010) (quoting Ladyha v. Holder, 588 F.3d 574, 577 (8th Cir. 2009)).

Singh claims he was and will be persecuted in India because he will not change political parties. After hearing Singh's testimony and reviewing the other evidence in the record, the IJ found Singh was not credible because of inconsistencies in his testimony and a lack of evidentiary support. Singh claims the IJ's "adverse credibility finding should be reversed" because, in Singh's view, "it is based almost exclusively on collateral matters that are not relevant to the key facts of [Singh's] claim" and the IJ failed to give adequate notice of the need for corroborating evidence. Singh's claims are without merit.[1]

Singh complains the IJ's credibility determination was based on the IJ's "improper consideration of" "evidence that is not relevant or probative or

---

[1] For the first time in his brief on appeal, Singh alleges judicial interference and bias created "an atmosphere of hostility, aggression and lack of cooperation on the part of the Immigration Court [toward Singh, his counsel, and the interpreter] that leaves serious doubts as to whether this record can even be trusted" and deprived him of a fair hearing. Although Singh's assertions of judicial misconduct and debilitating record deficiencies appear unlikely to withstand even the slightest scrutiny, we do not consider these issues here because Singh did not present them to the Board. See Martinez Carcamo v. Holder, 713 F.3d 916, 925 (8th Cir. 2013) ("A petitioner has not exhausted administrative remedies with respect to a particular issue [as required by 8 U.S.C. § 1252(d)(1)] if he fails to raise it when he appeals to the Board." (quoting Ateka v. Ashcroft, 384 F.3d 954, 957 (8th Cir. 2004) (internal marks omitted))); Mambwe v. Holder, 572 F.3d 540, 551 (8th Cir. 2009) ("[T]o the extent [the petitioner]'s due process claim relates to the proceedings before the IJ, we may not consider it because [the petitioner] failed to raise the issue in her appeal to the [Board].").

fundamentally fair when related to the actual incidents of persecution."  As Singh sees it, he is entitled to a new hearing because the agency should have focused not on his understanding of "broad political" issues and what he calls "minor inconsistencies or inaccuracies on tangential issues" and "innocuous failures in [Singh's] knowledge" but on his consistent account of "two particular physical attacks, post attack threats, and his flight from" India.  Singh misconstrues the IJ's task and the scope of appellate review.

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, *without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim*, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii) (emphasis added).  And "we defer to an IJ's credibility determination where, as here, it is supported by 'specific, cogent reasons for disbelief.'"  Fesehaye v. Holder, 607 F.3d 523, 527 (8th Cir. 2010) (quoting Onsongo v. Gonzales, 457 F.3d 849, 852 (8th Cir. 2006)).

Notwithstanding Singh's contention to the contrary, Singh received sufficient notice and a fair opportunity to obtain and present evidence to corroborate his claims.  The IJ and Board then duly considered Singh's testimony in relation to the other relevant factors.  The IJ and Board merely found Singh's inconsistent reports of persecution insufficiently supported by record evidence and outweighed by the balance of the totality of the circumstances.

Closely examining Singh's understanding of the goals of his party and the political atmosphere in Punjab, the IJ found Singh's description incredible, implausible, and contradicted by his prior testimony and other evidence, including evidence describing country conditions in India. The IJ found Singh became "nonresponsive" and "generally evasive" when confronted with such material inconsistencies and contradictions. Singh's admission that the agent who brought him to the United States had coached him about what to say and not to say to obtain asylum reasonably heightened the IJ's concerns about Singh's credibility. The Board—in concluding the IJ's "adverse credibility finding [wa]s not clearly erroneous"—agreed Singh "gave inconsistent, evasive, and generally incoherent testimony describing the various political parties in Punjab, India and the general conditions there."

Singh concedes he became nonresponsive and made inconsistent and inaccurate statements but maintains they were minor, irrelevant, and the result of nerves and fear. But Singh's attempts to minimize the flaws in his live testimony and to rationalize his evasive demeanor do not persuade us the IJ was compelled to find his testimony credible under the circumstances of this case. See 8 U.S.C. § 1252(b)(4)(B); Mayemba v. Holder, 776 F.3d 542, 545 (8th Cir. 2015) ("'It is well settled that an immigration judge is in the best position to make credibility findings because he or she sees the witness as the testimony is given.'" (quoting Ismail v. Ashcroft, 396 F.3d 970, 974 (8th Cir. 2005))).

Upon careful review, we are satisfied the IJ's adverse credibility finding was based on substantial record evidence and supported by specific, cogent reasons. See Fesehaye, 607 F.3d at 527. Because Singh's "asylum, withholding of removal, and CAT claims were based upon the same discredited testimony," that "adverse credibility finding is fatal to all three" of Singh's claims for relief from removal. Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006).

## C.   Ineffective Assistance of Counsel

We also deny Singh's petition for review of the Board's rejection of Singh's ineffective assistance claim. Singh argues he is entitled to remand for a new hearing because his hearing counsel was ineffective in failing to (1) file documents timely; (2) submit Singh's statement in support of his application for asylum on time; and (3) secure corroborating evidence of Singh's hospital visit following the second attack. Singh complains his counsel's "overall appearance of incompetence . . . no doubt irked the [IJ] and created a negative hearing atmosphere that prejudiced" him and undermined his right to a fundamentally fair hearing.

Despite acknowledging before the Board that we have held "there is no constitutional right under the Fifth Amendment to effective assistance of counsel in a removal proceeding," Rafiyev v. Mukasey, 536 F.3d 853, 861 (8th Cir. 2008), Singh asserts such a claim here. Ignoring Rafiyev and the scope of the claim he presented to the Board, Singh suggests his is a "special case" and "contends that there is a Fifth Amendment Constitutional right to effective assistance of counsel in removal proceedings when the utter stupidity and unpreparedness of counsel serves as the genesis for a hostile environment on the part of the Immigration Court at the hearing, which undermines the Petitioner's right to a fundamentally fair hearing." Again, we need not consider Singh's dubious proposal, see Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) (explaining we are bound by prior panel opinions), because Singh did not present that proposal to the Board. See Martinez Carcamo, 713 F.3d at 925.

But that does not end the matter. In addition to his groundless Fifth Amendment claim, Singh reasserts the non-constitutional deficiency claim he made before the Board. Singh asked the Board to exercise its discretion to remand for a new merits hearing based primarily on his hearing counsel's failure to submit corroborating evidence on time. See Rafiyev, 536 F.3d at 861 (remanding to the Board to consider whether the petitioner could pursue an ineffective assistance claim

-8-

"based on the agency's discretionary authority, without regard to a constitutional right to due process"); In re Compean, 25 I. & N. Dec. 1, 3 (2009) (concluding the Board has discretion to reopen removal proceedings to consider ineffective assistance claims and restoring the framework set forth in In re Lozada, 19 I. & N. Dec. 637, 638 (BIA 1988), pending consideration of a new rule). To prevail on this claim, Singh must show (1) his counsel was so ineffective it rendered "the proceeding . . . so fundamentally unfair that the alien was prevented from reasonably presenting his case," and (2) "he was prejudiced by his [counsel's] performance." In re Lozada, 19 I. & N. Dec. at 638.

Assuming, without finding, deficient performance, we agree with the Board that Singh failed to show the requisite prejudice because his "inconsistent testimony and the [IJ's] adverse demeanor finding based on" Singh's nonresponsive answers to questions about those inconsistencies "were not caused or affected by the alleged failure to submit corroborative evidence of injuries [Singh] suffered in India." Singh also generally complains of his counsel's failure to "file documents," but the only missing corroborating evidence he mentions specifically is a hospital record related to the second beating. The IJ did mention the hospital record as an example of corroborating evidence that Singh "testified that he had" yet failed to provide, but the IJ's analysis of Singh's failure "to provide corroborating evidence regarding his specific claims of persecution" was not limited to that particular record.[2] And, given the IJ's detailed evaluation of the totality of the circumstances, we are not convinced one missing hospital record "would have swayed the IJ." Obleshchenko v. Ashcroft, 392 F.3d 970, 973 (8th Cir. 2004). Singh therefore has not shown the requisite prejudice "resulting from [his] counsel's performance." Id.

---

[2]In evaluating Singh's ineffective assistance claim, we are careful not to presume any lack of corroborating evidence is necessarily the fault of ineffective counsel. Absent proof to the contrary, it is entirely possible that at least part of Singh's persecution claim simply cannot be corroborated.

## III. CONCLUSION

The petition for review is denied.

_____