# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2674
_____

Gerardo Reyes Cordova

*Petitioner*

v.

Jeff B. Sessions, Attorney General of the United States[1]

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: February 14, 2017
Filed: February 16, 2017
[Unpublished]

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Gerardo Reyes Cordova petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal of an immigration judge's order denying his motion to reopen his removal proceedings. Cordova moved to reopen the

_____

[1]Jeff B. Sessions is automatically substituted pursuant to Federal Rule of Appellate Procedure 43(c)(2).

proceedings on the ground that his counsel was ineffective in advising him to withdraw his application for cancellation of removal and accept voluntary departure.

After careful review, we conclude the BIA did not abuse its discretion in rejecting Cordova's claim of ineffective assistance and dismissing his appeal. See Valencia v. Holder, 657 F.3d 745, 748 (8th Cir. 2011) (motions to reopen reviewed for abuse of discretion). Had Cordova pursued his application for cancellation of removal, he would have been required to show that he did not have any prior convictions that made him ineligible for discretionary cancellation of removal. See 8 U.S.C. § 1229b(b)(1)(C) (allowing discretionary cancellation of removal for alien who, inter alia, has no convictions for certain specified offenses); Andrade-Zamora v. Lynch, 814 F.3d 945, 948, 950 (8th Cir. 2016) (alien bears burden of showing eligibility for discretionary cancellation of removal). At no time has Cordova alleged--much less offered evidence--that he does not have such a disqualifying conviction. Accordingly, he did not show prejudice resulting from his counsel's allegedly deficient performance. See Singh v. Lynch, 803 F.3d 988, 994 (8th Cir. 2015) (to be eligible for BIA's discretionary relief based on ineffective assistance of counsel, alien must show his counsel's performance was so ineffective it rendered proceeding fundamentally unfair, and he was prejudiced by counsel's performance); see also Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1274 (11th Cir. 2005) (per curiam) (prejudice exists when there is reasonable probability that, but for counsel's alleged error, outcome of proceedings would have been different).

Accordingly, we deny the petition for review.

_____