# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4049

_____

Yuchai Chen

*Petitioner*

v.

Jefferson B. Sessions, III, Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: July 7, 2017
Filed: July 21, 2017
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Chinese citizen Yuchai Chen petitions for review of an order of the Board of Immigration Appeals (BIA) upholding an Immigration Judge's (IJ's) denial of her

application for asylum and withholding of removal based on her Christian religion.[1] We conclude that substantial evidence supports the determination that Chen did not establish either past persecution or that she had an objectively reasonable, well-founded fear of future persecution.  See Yu An Li v. Holder, 745 F.3d 336, 340 (8th Cir. 2014) (standard of review); see also Singh v. Lynch, 803 F.3d 988, 991 (8th Cir. 2015) (persecution is extreme concept involving torture, infliction or threat of death, or injury to one's freedom or person, on account of protected ground); Khrystotodorov v. Mukasey, 551 F.3d 775, 781 (8th Cir. 2008) (substantial evidence standard is extremely deferential, and court will not overturn findings of fact unless any reasonable adjudicator would be compelled to reach contrary findings); Singh v. Gonzales, 495 F.3d 553, 556 (8th Cir. 2007) (to establish that fear of future persecution is objectively reasonable, alien must present credible, direct, and specific evidence that reasonable person in her position would fear persecution if returned to alien's country).  Thus, Chen did not establish that she qualified for asylum, see Singh, 803 F.3d at 991 (to qualify for asylum, alien must show she is unable or unwilling to return to native country due to persecution, or well-founded fear of future persecution, on account of protected ground); and her claim for withholding of removal necessarily failed as well, see Bracic v. Holder, 603 F.3d 1027, 1034-35 (8th Cir. 2010) (standard for withholding of removal is more rigorous than that for asylum).  The petition for review is denied.  See 8th Cir. R. 47B.

———————————————————

[1]Chen does not seek review of her claim under the Convention Against Torture. See Wanyama v. Holder, 698 F.3d 1032, 1035 n.1 (8th Cir. 2012) (waiver of claim).