# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-2738

_____

Francisco Kimeu

*Petitioner*

v.

William P. Barr

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: August 4, 2020
Filed: August 28, 2020
[Unpublished]

_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Francisco Kimeu, a citizen of Kenya, petitions for review of an order of the Board of Immigration Appeals (BIA), which upheld an immigration judge's (IJ's) denial of his application for cancellation of removal and denied his request to remand to the IJ based on ineffective assistance of counsel. Kimeu challenges only the denial of his request to remand, which we review for abuse of discretion, but because Kimeu

sought discretionary relief in the form of cancellation of removal, our review is limited to constitutional claims and questions of law, which we review de novo. See Sharif v. Barr, 965 F.3d 612, 618-20 (8th Cir. 2020); Zeah v. Holder, 744 F.3d 577, 580-81 (8th Cir. 2014).

We conclude that Kimeu, who asserts he did not receive a fair hearing before the IJ, cannot pursue a constitutional claim for ineffective assistance of counsel because he has no protected property or liberty interest in the discretionary relief of cancellation of removal. See Etchu-Njang v. Gonzales, 403 F.3d 577, 585 (8th Cir. 2005) (concluding that even if counsel was ineffective, there was no due process violation because applicant has no constitutionally protected liberty interest in cancellation-of-removal relief); see also Obleshchenko v. Ashcroft, 392 F.3d 970, 971 (8th Cir. 2004) (concluding that because applicants had no protected liberty or property interest in the discretionary statutory relief they sought, they had no right to effective assistance of counsel).

To the extent Kimeu asked the BIA to exercise its discretionary authority to remand the proceedings based on ineffective assistance of counsel, we conclude that the BIA did not abuse its discretion in denying remand. See Singh v. Lynch, 803 F.3d 988, 993-94 (8th Cir. 2015) (concluding that although there is no constitutional right to effective assistance of counsel in a removal proceeding, BIA may exercise discretion to remand based on counsel's ineffectiveness, and this court may review that discretionary decision; to prevail, applicant was required to show (1) counsel's performance was so ineffective it rendered proceeding fundamentally unfair, and (2) he was prejudiced by counsel's performance). Although Kimeu urges this court to adopt a per se presumption of prejudice, this court has not recognized such a presumption in immigration proceedings. See Paz v. Ashcroft, 113 F. App'x 736, 736 (8th Cir. 2004) (unpublished per curiam); cf. Caballero-Martinez, 920 F.3d 543, 548 (8th Cir. 2019) (rejecting petitioner's argument that In re L-O-G-, 21 I. & N. Dec. 413 (BIA 1996), established a lower standard requiring remand when presented with

"potentially worthwhile new evidence"; BIA applied correct legal standard requiring applicant to demonstrate new evidence "would likely change" the result).

Even assuming counsel's performance was deficient, we conclude the BIA acted within its discretion by applying the correct standards and rationally concluding that Kimeu did not demonstrate the requisite prejudice. See Ortiz-Puentes v. Holder, 662 F.3d 481, 485 n.2 (8th Cir. 2011) (applicant must show reasonable probability that, but for counsel's alleged errors, the result would have been different); Obleshchenko, 392 F.3d at 972 (applicant must show counsel's performance was so inadequate it "may well have resulted in a deportation that would not otherwise have occurred," akin to a "reasonable probability" standard) (internal quotations and citations omitted). Notably, the IJ had an independent basis—that Kimeu submitted a fraudulent divorce decree to procure an immigration benefit—to conclude that Kimeu lacked good moral character and to exercise his discretion to deny cancellation-of-removal relief. Kimeu did not challenge that ruling before the BIA and cannot belatedly do so here. See Chak Yiu Lui v. Holder, 600 F.3d 980, 984 (8th Cir. 2010) ("This court is either without jurisdiction to review, or simply precluded from reviewing, an issue not raised before the BIA.").

Accordingly, we deny the petition for review.

_____